JOSEPH WILLIAMS v. STATE OF MISSISSIPPI.

[49 South. 513.]

1. CRIMINAL LAW AND PROCEDURE. *Homicide. Instructions. Construction.*

Instructions in a case must be read together and construed as a whole; and if, when so construed, they announce the law correctly the purpose for which they are given is accomplished.

2. SAME. *Same. Circumstantial evidence. Harmless error.*

An instruction that, when "circumstantial evidence arises high enough in the scale of belief to generate full conviction in the minds of the jury of the guilt of defendant to the exclusion of every reasonable doubt, the jury should act on such evidence as readily as they would on any other kind of evidence," is erroneous, since such evidence cannot be said to prove guilt beyond a reasonable doubt, unless it excludes every other reasonable hypothesis than that of guilt, but its grant is not reversible error, where other instructions fully and clearly announce the law on the subject in such a way as to render the erroneous one harmless.

3. SAME. *Same. Competency of evidence.*

The jury should not be instructed that "circumstantial evidence is legal and competent," since it has no concern with the compe-

tency or legality, of evidence, but an instruction so advising the jury does not constitute reversible error where the record fails to show that it was prejudicial.

4. SAME.  *Same.  Accepting modifications.*

By accepting and using an instruction as modified by the court a party waives his objection to the modification.

5. SAME.  *Same.  Clerical error.  Omission of negative.*

A conviction will not be reversed for the inadvertent omission of the word "not" before the word "guilty," in an instruction, where it is manifest that the jury was not thereby misled.

FROM the circuit court of Forrest county.

HON. WILLIAM H. COOK, Judge.

Williams, appellant, was indicted and tried for and convicted of murder and appealed to the supreme court. A statement of the facts, in view of the opinion of the court, is deemed un-necessary.

*Luther James,* for appellants.

The evidence upon which the conviction was had was purely circumstantial. There was no motive shown for the killing but the state tried to supply this motive, and was permitted to supply it, to the extent that it prejudiced the minds of the jury against the defendant, in showing that the People's Bank was robbed shortly after the killing; that the defendant was in the bank the day before the killing with the deceased; and that witnesses saw money in the bank. This character of evidence was clearly incompetent.

The court below permitted the state to show by witness Garner that his friend Watkins whom he claimed to be rooming with upon the night of the killing was present as the defendant's witness at a former trial of the case, and was not used by the defendant. Also witnesses Gray and Bennett were permitted to testify that they had been summoned by the defendant at the two previous trials and put in his witness room and not used by him. What purpose could this evidence serve?

Abbott in his excellent work "Trial Brief in Criminal Causes," page 658, says that this character of evidence is incompetent. He cites *State v. Rosier* (Iowa), 8 N. W. 345; *Com. v. Schmous* (Pa.), 29 Atl. 644; *Brulo v. People,* 16 Hun. 119.

The court in modifying the defendant's fifteenth instruction may have through a mere oversight got it into its present phraseology. It simply peremptorily instructed the jury to find the defendant guilty. It could mean nothing less.

The trial court also erred in giving the instruction offered by the state upon the question of circumstantial evidence.

It has been only a short time since the court through Chief Justice WHITFIELD in the case of *Haywood v. State,* 90 Miss. 451, 43 South. 614, criticised a similar instruction, and remanded the case because it was given.

In order to convict upon circumstantial evidence, the jury not only has to believe the defendant guilty from such evidence beyond a reasonable doubt, but as was said in the *Haywood case* (*supra*), it must exclude every other reasonable hypothesis than that of guilt. The latter phrase seems to have been studiously left out of the instruction, as it was clearly shown by the evidence that there were several other hypotheses than that of the defendant's guilt.

*George Butler,* assistant attorney-general, for appellee.

It is first said that it was fatal error for the state to attempt to show that after the assassination the bank at which appellant and deceased were employed was found to have been looted. It is only necessary to say in this connection that it would have been perfectly proper if the state could have done so to have shown that the motive for the killing was to cover up appellant's defalcation or to get rid of deceased as cashier of the bank so that he might have secured the position, but the state being unable to connect appellant with the looting of the bank and thereby show motive for the assassination, the court on

motion excluded the whole of this proferred testimony and instructed the jury to disregard it. We are perfectly familiar with the rule that when incompetent testimony highly prejudicial is once admitted its vicious effect cannot be eradicated by its subsequent exclusion; but when, as here, the testimony offered is perfectly competent and is not of a prejudicial character its subsequent exclusion eradicates its evil effect.

It is next complained that the court should not have permitted Garner to testify that Watkins, his roommate, was prespresent as defendant's witness at a former trial of the case and was not placed upon the stand and also to permit Gray and Bennett to testify that although they had been summoned for the defendant on two previous trials and were placed in his witness room that they were not called upon to testify. Wigmore in vol. 1, section 285, says: "The failure to bring before the tribunal some circumstance, document, or witness, when either the party himself or his opponent claims that the facts would thereby be eludicated, serves to indicate, as the most natural inference, that the party fears to do so, and this fear is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party."

It is next complained that the modification by the court of a certain instruction was erroneous. The instruction, as it appears in the record, is, of course, erroneous by reason of the omission of the word "not" before the word "guilty" in the last line. This was of course a mere clerical error.

It is next complained that the court should not have given the instruction on circumstantial evidence and it is contended that the instruction falls within the condemnation of *Haywood v. State,* 90 Miss. 461, 43 South. 614. In *Haywood's case* the court instructed the jury that circumstantial evidence in law is as good as any other kind of evidence. The Chief Justice in discussing that instruction pointed out the essential difference in the very nature of circumstantial testimony and direct testimony and it will be noted that in condemning that instruction

the court did so because of its first clause, for the court there said "we are of the opinion, therefore, that the statement which we have criticised in this instruction is a fundamental misconception and in this character of case may most likely have misled the jury and contributed materially to the verdict." In the instant case the court instructed the jury that circumstantial evidence is legal and competent evidence and that whenever circumstantial evidence arises high enough in the scale of belief to general full conviction of the guilt of the defendant to the exclusion of every reasonable doubt, the jury should act upon such evidence as readily as they would on any other kind of evidence. All the authorities agree that whenever circumstantial evidence excludes every other reasonable hypothesis besides that of guilt beyond all reasonable doubt the jury should act on that the same as if the guilt had been shown by direct evidence of eye witnesses and it certainly could not have been of hurt to the appellant for the court to say to the jury as in effect it has already done that such evidence is competent.

SMITH, J., delivered the opinion of the court.

This is an appeal from a conviction of murder in the court below. The evidence against appellant was entirely circumstantial. The giving by the court, at the request of the state, of the following instruction, is assigned as error: "The court instructs the jury, for the state, that circumstantial evidence is legal and competent evidence, and whenever circumstantial evidence arises high enough in the scale of belief to generate full conviction in the minds of the jury of the guilt of the defendant to the exclusion of every reasonable doubt, the jury should act upon such evidence as readily as they would upon any other kind of evidence." This instruction, taken by itself, is clearly erroneous. It is elementary law that a conviction may be had on circumstantial evidence alone when by it guilt is proven beyond a reasonable doubt; but it is also elementary that, before such evidence can be said to prove guilt beyond a reasonable

doubt, it must exclude every other reasonable hypothesis than that of guilt.

We find, however, that at the request of appellant, the court granted the following instructions: No. 4: "The court instructs the jury that in this case the state relies exclusively upon circumstantial evidence to convict the defendant, and in such case, before the jury is warranted by the law in finding a verdict of guilty as charged, every circumstance testified about by witnesses material or necessary to show to the jury that the accused is so guilty as charged must be established by testimony so satisfactory that it leaves in the minds of the jury no reasonable doubt of the truth of such circumstances." No. 6: "The court instructs the jury that the law presuming the accused to be innocent puts on the state, throughout the whole trial, the burden of proving beyond all reasonable doubt the truth of each and every fact and circumstance material and necessary to show the guilt of the accused of the crime charged; and, if the state in this case has failed to prove the truth of any one such fact or circumstance, the jury must find the accused not guilty." No. 9: "The court instructs the jury that each necessary link in the chain of evidence must be proven beyond a reasonable doubt to sustain a verdict of guilty in a case resting entirely on circumstantial evidence, and that in this case the hypothesis of guilt must be compared with the facts proven, and with all of them; and, if any of the material facts or circumstances established be inconsistent with the hypothesis of guilt, you must find the defendant not guilty." No. 10: "The court instructs the jury that, unless they shall believe beyond every reasonable doubt that the evidence produced upon the trial shows the defendant's guilt to the absolute exclusion of every other reasonable hypothesis, they should find the defendant not guilty."

The instructions for the state and the defendant, therefore, when read together, correctly announce the law of circumstantial evidence; for by them the jury were charged that, before they could convict the defendant, each circumstance necessary thereto

must be established beyond all reasonable doubt, and that his guilt must be proven beyond all reasonable doubt, to the exclusion of every other reasonable hypothesis than that of guilt. This was all the court was required to do, or to which the appellant was entitled. It is true, as was said by TRULY, J., in *Harper v. State,* 83 Miss. 418, 35 South. 572, that where the court undertakes to collate the facts and make a concrete application of the law to such facts, instructing the jury to bring in a stated verdict if they believe in their existence, and the facts therein stated will not legally sustain the verdict directed, such error cannot be cured by other instructions. But it is also true, as announced in that same case, that error in one instruction is cured, where the instructions are of a general character, and when taken as a whole fairly present the law to the jury. As was said by WHITFIELD, C. J., in *Railroad v. Hardy,* 88 Miss. 745, 41 South. 507: "Instructions cannot be objected to separately with any justice. The instructions must be taken as a whole, as one body, and announce, not the law for the plaintiff or the defendant, but the law of the case, and, so taken, if they reasonably advise the jury of the true principles applicable to the case made by the facts, that is all that is required as a guide for the twelve plain, practical men who sit in the jury box. Any other view would sacrifice substantial justice in a very large percentage of the cases appealed to this court."

One objection made to the instruction now under consideration is that the court ought not to have told the jury that "circumstantial evidence is legal and competent evidence." This is true. The jury have no concern with the competency and legality of the evidence submitted to them by the court, and it is improper for the court to intimate to them that they have. But so doing does not constitute reversible error, unless it appear that the party complaining has been prejudiced thereby.

The appellant requested the following instruction: "The court instructs the jury that they should consider the good character of the defendant, if proven, in arriving at their verdict in the

case; and such character, if proven, may create of itself a reasonable doubt of the defendant's guilt"—which was given by the court after modifying it to read as follows: "The court instructs the jury that they should consider the good character of the defendant, if proven, along with all the other evidence in the case, in arriving at their verdict in the case; and if, after a consideration of such character, if proven, along with all the other evidence in the case, the jury have any reasonable doubt of the defendant's guilt, they must find the defendant guilty." This action of the court is also assigned as error on the ground that the instruction, as modified, amounted to a peremptory instruction to find the defendant guilty. There are two sufficient answers to this objection: First, the instruction as modified was accepted and used by the appellant; second, it is manifest that the omission of the word "not" before the word "guilty" was a mere clerical error, and could not have misled the jury.

After a careful investigation of the other matters complained of, we find no reversible error therein.

*Affirmed.*