## GEORGE MILLER *v*. STATE.

[54 South. 838.]

CRIMINAL LAW.  *Circumstantial Evidence.  Instructions.*

> In a case of circumstantial evidence, an instruction for the state that "circumstantial evidence may arise so high in the scale of belief as to generate full and complete conviction beyond a reasonable doubt of defendant's guilt; and if it does rise so high in the scale of belief as to generate full and complete conviction of defendant's guilt beyond a reasonable doubt in the minds of the jury, then they are authorized to act upon it and convict the defendant," is fatally erroneous in failing to add that such evidence should exclude every other reasonable hypothesis than that of defendant's guilt.

APPEAL from the circuit court of Winston county.

HON. G. A. McLEAN, Judge.

George Miller was convicted of larceny and appeals.

The facts as shown by the record are that accused and two others were indicted for grand larceny. The jury acquitted the codefendants. The evidence was entirely circumstantial. On the trial the court granted the following instruction, which is assigned as error: ''The court charges the jury, for the state, that circumstantial evidence has been received in every age of the common law, and may arise so high in the scale of belief as to generate full and complete conviction beyond a reasonable doubt of defendant's guilt; and if it does rise so high in the scale of belief as to generate full and complete conviction of defendant's guilt beyond a reasonable doubt in the minds of the jury, then they are authorized to act upon it, and convict the defendants, or either of them, of the crime charged in the indictment.''

*W. W. Magruder,* for appellant.

The instruction for the state on circumstantial evidence was expressly condemned as erroneous in *Williams*

v. *State,* 95 Miss. 671, although the court did not reverse because the error was cured by other instructions. However, in this case there was no other instruction given either for the state or the defendant on circumstantial evidence. The instruction in the Williams case is practically identical except as to phraseology with the second instruction here for the state. The court announced in the William case, "This instruction taken by itself is clearly erroneous. It is elementary law that a conviction may be had on circumstantial evidence alone when by it guilt is proven beyond a reasonable doubt; but it is also elementary that before such conviction can be said to prove guilt beyond a reasonable doubt, it must exclude every other reasonable hypothesis than that of guilt." With this emphatic and ringing declaration from this court as to the danger of such experimental charges to the jury, it is inconceivable that instruction number 2 should have been granted in this case. Doubtless the recent opinion in the Williams case must have been overlooked by the learned trial judge and the district attorney.

*Carl Fox,* assistant attorney-general, for appellee.

The instruction in the case at bar is attacked on the ground that it does not instruct the jury that such evidence must be sufficient to exclude every other reasonable hypothesis and to satisfy the jury to a moral certainty and beyond all reasonable doubt of defendant's guilt. It seems to me that when the jury are instructed that they must "believe from the evidence (circumstantial evidence), beyond all reasonable doubt," the facts necessary to guilt before they can convict, it is of no practical benefit to add that such evidence must exclude every other reasonable hypothesis.

The court will see, however, upon reading the instruction granted the defendant, that in a great many of them, the defendant himself adopted the theory that if

the jury should believe from the evidence beyond a reasonable doubt that the defendant stole Keeton's hogs, then they should convict. The rule is well established, in civil cases at least, in this court that where the instructions of one party are based upon the same theory as the instructions of the other party, complaint cannot be made here if the theory itself is wrong. *Railroad Co.* v. *Williams,* 87 Miss. 344; *Railroad Co.* v. *Boswell,* 85 Miss. 313; *Clisby* v. *Railroad Co.,* 78 Miss. 937; *Wilson* v. *Zook,* 69 Miss. 694; *Queen City Mfg. Co.* v. *Lalack,* 18 So. 800; *I. C. R. R. Co.* v. *Jones,* 16 So. 300; *Insurance Co.* v. *Van Os,* 63 Miss. 440; *Insurance Co.* v. *Van Os,* 63 Miss. 440.

WHITFIELD, C.

The instruction No. 2 for the state is erroneous. It is erroneous for the reasons set out in *Williams* v. *State,* 95 Miss. 671, 49 South. 513, and since there is no instruction in the case which cures this error, and the case is one of circumstantial evidence, and an exceedingly close case on its facts, the giving of said instruction constitutes reversible error.

We consider no other assignment of error.

*Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the case is reversed and remanded.