SWINTON PERMENTER *v.* STATE.

[54 South. 949.]

CRIMINAL LAW. *Circumstantial evidence. Instructions.*

While it is true that a conviction may be had on circumstantial evidence alone, when by it guilt is proven beyond a reasonable doubt, it is equally true that it must exclude every other reasonable hypothesis than that of guilt.

APPEAL from the circuit court of Winston county.

HON. G. A. McLAIN, Judge.

Swinton Permenter was convicted of murder and appeals.

The facts are as follows:

The appellant was convicted of murder and sentenced to death. He is charged with murdering a young lady, Miss Sharp, a daughter of a neighbor. Appellant and Miss Sharp were near the same age, both minors, and were well acquainted; appellant being a frequent visitor to the Sharp home, and according to some of the evidence attentive to the young lady. One afternoon, shortly after dinner, the young lady left her home, going along the country road to a store, where she made a few purchases, and left there with the intention of going by a neighboring house to use the telephone. After leaving the store she was never seen alive again. About dark, when she had not put in an appearance at home, the neighbors

were aroused, and a search was instituted, in which all
the neighbors joined. During the early part of the night
the appellant was not seen with the searching party, and
he became the object of suspicion. It seems from the
record he was not looked upon with favor by the father
of the young lady, and had been heard to remark that he
would get even with the Sharps and other similar re-
marks. Later in the night he did join the searching
party, and the search continued until daylight, when the
body of the young lady was found in a ravine, a short
distance from the road. Her skull had been crushed by
a heavy instrument of some sort, and her throat had been
cut. The crowd was kept back from the body, and during
the day, about noon, hounds were put on the trail, and led
the searching party to the home of appellant. A ques-
tion is raised as to the value of the testimony of these
hounds, because they were shown to be young, and be-
cause of the additional fact that it was at least twenty
hours after the homicide before they were put upon the
trail. The testimony was admitted, however, over the
objection of appellant. In appellant's pocket was found
a handkerchief, which was identified by the members of
the young lady's family as being the one she carried with
her the afternoon before. Appellant's brother says the
handkerchief was found at a picnic. The evidence against
appellant was entirely circumstantial. He did not testify
in his own behalf, nor did his parents testify for him;
but an alibi was sought to be proven by various parties
who testified that they saw him about the time, or per-
haps shortly before the time, the crime is supposed to
have been committed. The trial resulted in a conviction,
and an appeal is taken. Among other errors assigned is
the giving of the instruction referred to in the opinion.

*Watkins & Watkins,* for appellant.

Instruction number 2 given for the state is fatally er-
roneous. It instructs the jury that they may convict

the defendant if circumstantial evidence generates full conviction in their mind beyond every reasonable doubt.

In the case of *Lipscomb* v. *State,* 75 Miss. 577, the court disapproved this language in an instruction, using the following language:

"Full conviction is not the criterion or degree of proof necessary to convict. It is a loose phrase. There is but one rule in law in this state as to the measure and sufficiency of proof which will warrant conviction. It is that the evidence must engender a certainty of belief beyond a reasonable doubt."

In other words, if the court please, the circumstances must be sufficiently strong not to engender full conviction beyond every reasonable doubt, but certainty of belief, excluding every other hypothesis than that of the guilt of the defendant.

An instruction similar to this one was given in *Gibson* v. *State,* 76 Miss. 137, but the instruction cured the error pointed out in *Lipscomb* v. *State,* and Judge Whitfield approves the instruction, because he says:

"It adds to the clause 'full conviction' the highest degree of moral certainty and to the exclusion of every reasonable doubt."

In other words, the instruction in the Gibson case informed the jury that circumstantial evidence should be weighed with great caution, and, in effect, that it must exclude every theory except that of the guilt of the defendant. Instruction number two for the state in this case does not do so.

The effect of the case of *Haywood* v. *State,* 90 Miss. 465, is to hold that a similar instruction to the one now under criticism was not good, because it did not inform the jury that a conviction could not rest on circumstantial evidence, unless every circumstance necessary to convict the defendant was shown beyond every reasonable doubt. The instruction in question is condemned by the Haywood case, because it substituted full conviction for

certainty of belief beyond every reasonable doubt, and because it failed to inform the jury that the belief of every necessary fact should be so strong as to exclude every other hypothesis.

In the case of *State* v. *Cohen,* 75 Am. St. Rep. 212, an instruction was held erroneous which authorized a jury to convict on circumstantial evidence unless the state shall prove, beyond every reasonable doubt every link necessary to establish the guilt of the accused.

In the case of *State* v. *Trial,* 53 S. E. 17, and in the case of *Schwantz* v. *State,* 106 N. W. 237, it is held that all the facts and circumstances necessary to convict the defendant must be proved to the same extent as if the whole issue had rested on the proof of each individual circumstance, in cases where it is sought to convict an accused on purely circumstantial evidence.

And we wish to call the attention of the court to the fact that instruction number two given by the state, which we are now criticising, was practically the same instruction condemned in *Haywood* v. *State,* 90 Miss. 467, except it eliminated the words that circumstantial evidence was as good as any other kind, and substituted there that it had been used in every age of the common law.

In the case of *State* v. *Johnson,* 103 N. W. 565, it is held that an instruction is erroneous which informs the jury that it need not be satisfied beyond all reasonable doubt as to each link in a chain of circumstances relied on to convict.

The same thing is held in the case of *State* v. *Young,* 82 N. W. 420.

An instruction is erroneous, it is said, in the case of *State* v. *Sassen,* 75 Mo. App. 197, which informs a jury that guilt may be established by circumstantial evidence unless the jury is also informed that evidence must be of sufficient strength to exclude to all moral certainty every other reasonable hypothesis.

The same is held in *Cunningham* v. *State*, 77 N. W. 60, and in *State* v. *Hudson*, 97 Am. St. Rep. 768.

We contend that the language used in instruction 2 that the circumstances should generate full conviction, was not a correct statement of the law; that the jury should have been instructed that the evidence should have been of sufficient strength to exclude every other hypothesis than that of the guilt of the defendant, and that beyond all reasonable doubt. In other words, that every fact necessary to make the state's chain should have been proved beyond every reasonable doubt, and it was not sufficient merely to generate full conviction from all the facts and circumstances even beyond every reasonable doubt.

The court excluded instruction number 4 asked for the appellant. This instruction was intended to inform the jury, and would have informed them, that circumstantial evidence should be weighed with great caution. It was refused and no other instruction like it was given, and the jury were not instructed upon that important point. The refusal of this instruction was erroneous. *Webb* v. *State*, 73 Miss. 461; *Pitts* v. *State*, 43 Miss. 486; *Nelms* v. *State*, 58 Miss. 362.

We do not know upon what theory this instruction was refused.

The court also refused instruction number 11 asked by the defendant. This instruction would have informed the jury that if there was any fact proven to their satisfaction which was inconsistent with the defendant's guilt, that this raised a reasonable doubt, and that they should acquit the defendant. This instruction was in keeping with well-settled law, that the state should make the evidence so strong as to exclude every hypothesis or every theory other than that of the guilt of the defendant. Therefore, if there was single fact proven and which the jury believed to be a fact, which was inconsistent with

the defendant's guilt, why that raised a reasonable doubt, and the defendant should have been acquitted.

In the case of *Bowen* v. *State,* 37 So. 233, it is held that the test of the sufficiency of circumstantial evidence in a criminal case is whether the circumstances as proven are capable of explanation upon any reasonable hypothesis consistent with the defendant's innocence, and if they are capable of such explanation, then the defendant should be acquitted.

In *Gambrell* v. *State,* 92 Miss. 728, it is held that where there is doubt about the advisability of an instruction being given, the doubt should be solved in favor of the defendant.

If there is a probability of the innocence of the defendant, he should be acquitted. *Nelms* v. *State,* 58 Miss. 362.

Before an accused can be convicted by circumstantial evidence, all the facts must be inconsistent with his innocence. *Horn* v. *State,* 81 Am. Dec. 500.

The burden of proof rests upon the state to establish the truth of every link in its testimony beyond every reasonable doubt, and the jury should be so instructed. *People* v. *Aiken,* 11 Am. St. Rep. 512.

Circumstantial evidence should be so strong as to exclude every hypothesis inconsistent with the defendant's innocence. *Sumner* v. *State,* 36 Am. Dec. 561.

We respectfully submit that taking the entire record in this case, it does not warrant the verdict rendered.

*Rodgers & Brantley* and *L. H. Hopkins,* for appellant.

This is a case based upon circumstantial evidence on which the state relies to convict the appellant of the crime charged, and which evidence is absolutely insufficient to establish the guilt of the appellant. While it is true circumstantial evidence may be relied upon to establish guilt, yet in this case, the proof as shown by the record fails to create a decent suspicion against the de-

fendant, and utterly fails to exclude the hypothesis that another person might have committed the offense, for these and many other reasons the cause should be reversed. *Algheri* v. *State*, 25 Miss. 588; *Whetson* v. *State*, 12 So. Rep. 661.

*Jas. R. McDowell*, assistant attorney-general, for appellee.

In the brief of Messrs. Watkins & Watkins for the appellant, it is urged seriously that it was error to grant instruction No. 2, a careful reading of which I again invite. Comparing it with the instruction given in the *Lipscomb case*, 75 Miss. 577, it will be observed that in the Lipscomb case the jury are told that circumstantial evidence must rise so high in the scale of belief, beyond a reasonable doubt, of guilt to generate full conviction. The objection there does not occur in the case at bar.

In the *Gibson case*, 76 Miss. 136, which was affirmed by the court, the very error complained of in the Lipscomb case is cured. See the opinion of Justice Whitfield. The instruction in the instant case, likewise, cures the defect by use of the last sentence of the instruction.

In the *Haywood case*, 90 Miss. 465, the jury are told that circumstantial evidence is as good as any other kind of evidence . . . . and that the jury should act upon such evidence as readily as they would on any other kind of evidence. In the instant case, the jury are instructed that they must view circumstantial evidence with the greatest caution. In the second instruction (the one complained of) the jury are told that circumstantial evidence may rise so high in the scale of belief, etc., and "when it does rise so high in the scale of belief as to generate full conviction in the minds of the jury of the defendant's guilt beyond a reasonable doubt, then they are authorized to act upon it and convict the defendant of the crime charged." The court will readily draw the distinction between this instruction and the one in the Haywood case.

In the latter case the jury are told that they should act upon it as readily as upon any other kind of evidence, and that it is as good as any other kind of evidence. That is the objectionable part of the instruction, and the one given in the case at bar contains no such objectionable wording.

In *Cook* v. *State*, 28 So. 833, I call attention to the opinion of Judge Calhoun on page 834, in which he says: "It is not the law that circumstantial evidence is inferior to direct and positive proof. It is of equal dignity, and in weight and probative force and may, and should in many instances, surpass the other in effect upon the jury. The only restriction attached to it is that it should be received with care and caution." Here the jury are so cautioned; here they are only told that it may rise to sufficient dignity to warrant full conviction of guilt beyond a reasonable doubt. The instruction is manifestly correct.

In the case of *Williams* v. *State*, 95 Miss. 671, it will be observed that the instruction asked by the state, and condemned by Justice Smith, does not advise the jury that they must believe defendant guilty beyond every reasonable doubt, as is the case in the instruction complained of in the instant case. Even in the Williams case, however, the court declined to reverse for the reason that the instructions must be taken together and could not be held up separately and objected to, and that if it was manifest that the jury were not misled by any instruction, the case should not be reversed. See, also, *Railroad* v. *Hardy*, 88 Miss. 745; *Railroad Co*. v. *Williams*, 87 Miss. 344; *Harper* v. *State*, 83 Miss. 35.

I submit that the instructions taken as a whole, which I am sure your Honors will carefully review, correctly announces the law in the case.

Argued orally by *W. H. Watkins* and *H. H. Rogers*, for appellant, and *T. L. Lamb, R. C. Jones* and *J. R. McDowell*, assistant attorney-general, for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellant, Swinton Permenter, was convicted of murder and sentenced to hang, and appeals to this court. He was convicted on evidence wholly circumstantial, made up of many different facts and circumstances. There is grave doubt, from the record in this case of appellant's guilt. The giving of the second instruction for the state is assigned as error. That instruction is as follows: "The court charges the jury that circumstantial evidence has been received in every age of the common law, and may arise so high in the scale of belief as to generate full and complete conviction in the minds of the jury of defendant's guilt; and when it does arise so high in the scale of belief as to generate full conviction in the minds of the jury of defendant's guilt beyond a reasonable doubt, then they are authorized to act upon it, and convict the defendant of the crime charged."

This instruction was clearly erroneous. It is substantially the same instruction which was condemned by the court in *Williams* v. *State,* 95 Miss. 671, 49 South. 513. The court said of the instruction in that case: "It is elementary law that a conviction may be had on circumstantial evidence alone, when by it guilt is proven beyond a reasonable doubt; but it is also elementary that, before such evidence can be said to prove guilt beyond a reasonable doubt, it must exclude every other reasonable hypothesis than that of guilt." The fatal defect in the instruction is that it authorizes the jury to convict on circumstantial evidence which shows guilt beyond a reasonable doubt, without going further and informing the jury that the evidence must be so strong as to exclude every other reasonable hypothesis than that of guilt; in other words, explaining what it takes to show guilt where the evidence is circumstantial. This addition to the instruction is made necessary by the inherent difference in direct and circumstantial evidence. That difference is well stated in *Haywood* v. *State,* 90 Miss. 461, 43 South.

614, as follows: "Circumstantial evidence is a different kind of evidence, wholly different from evidence consisting of the direct and positive testimony of eyewitnesses. In the one case, if the jury believe the testimony of the witnesses, the fact of the killing is established by their direct statements that they saw the party killed. In the other case, if the jury believe the party was killed beyond all reasonable doubt, they do so believe it from a chain of circumstances, the absence of any one link in which chain destroys the value of all other circumstances, no matter how absolutely proven. There has never been a better illustration of the weakness of circumstantial evidence than that which tells us that 'it is no stronger than the weakest link in the chain.' This essential difference in the very nature of the two kinds of testimony, circumstantial and direct, is such and so clear that it is not the law that circumstantial evidence is as good as any other kind of evidence. True enough, if, as stated, the circumstantial evidence excludes every other reasonable hypothesis than that of guilt beyond all reasonable doubt, the jury are just as much bound to convict as if the guilt had been shown by the direct evidence of eyewitnesses; but this does not alter the fact that the inherent nature of the two kinds of evidence is different, nor the other fact that the only thing which invests mere circumstances with force of proof is the absolute exclusion of every other reasonable hypothesis than that of guilt. . . . The clear difference between circumstantial evidence and direct evidence is pointed out by Prof. Wigmore in the first volume of his work on Evidence (section 25), in a quotation from Wills on Circumstantial Evidence, cited with approval by him as follows: 'The different writers, ancient and modern, on the subject of evidence, have concurred in treating circumstantial evidence as inferior in cogency and effect to direct evidence, a conclusion which seems to follow necessarily from the very nature of the different kinds of evidence.'"

Proof of guilt by circumstantial evidence consists in the proof of facts from which guilt is inferred. The fact of guilt is arrived at by process of reasoning and deduction from the proven facts. Where direct evidence is relied on to establish guilt, only one step is taken, namely, the facts are proven, which must show guilt beyond a reasonable doubt. But where circumstantial evidence is relied on, another step must be taken. In addition to proving the facts beyond a reasonable doubt, those facts must be such as to exclude, beyond a reasonable doubt, every other hypothesis than that of guilt. In other words, where circumstantial evidence is relied on, proof of the facts beyond a reasonable doubt of itself proves nothing, unless the inference deducible from the facts so proven excludes beyond a reasonable doubt every other hypothesis than that of giult. The fault of the instruction is that it authorizes the jury to convict if the facts are proven beyond a reasonable doubt, wholly disregarding whether the inference of guilt drawn therefrom excludes beyond a reasonable doubt every other hypothesis. Under the facts of this case, an instruction properly defining circumstantial evidence would have been peculiarly applicable. On the other hand, the instruction under consideration, in view of the facts of the case, was in a marked degree inapplicable and misleading. The error in it is neither cured by any other single instruction, nor all of the instructions taken together. We refrain from further comment on the evidence, as there may be another trial of the case. Suffice it to say, the instruction in question was calculated to materially influence the jury in rendering their verdict.

The other errors alleged are not well founded.

*Reversed and remanded.*