VICTOR IRVING *v.* STATE.

[56 South. 377.]

CRIMINAL LAW. *Instructions. Circumstantial Evidence.*

An instruction in a criminal prosecution as to the value of circumstantial evidence is fatally defective if it omits the necessary qualification that circumstantial evidence in order to prove guilt beyond a reasonable doubt, must exclude every other reasonable hypothesis than that of guilt.

APPEAL from the circuit court of Attala county.

HON. G. A. McLEAN, Judge.

Victor Irving was convicted of burglary and appeals.

The evidence upon which the conviction rests is circumstantial; the state relying principally upon tracks, alleged to be those of the defendant, leading from the house of the prosecuting witness, in order to connect the defendant with the crime. On the trial the court, at the request of the state, gave the following instruction: "(1) The court charges the jury that circumstantial evidence has been received in every age of the common law, and may arise so high in the scale of belief as to generate full and complete conviction beyond a reasonable doubt, and when it does arise so high in the minds

of the jury as to convince them of the defendant's guilt beyond a reasonable doubt and to a moral certainty, then they are authorized to act upon it and convict the defendant.''

*S. L. Dodd* and *R. H. Thompson,* for appellant.

The first instruction for the state should not have been given.

It announced a matter of mere history, accompanied by a comment or statement touching the weight of circumstantial evidence and told the jury that such evidence might arise so high in the scale of belief as to generate full and complete conviction beyond a reasonable doubt, and when it does arise so high they are authorized to convict, etc.

The objections to this instruction are:

(a) It is upon the weight of evidence, in fact it is but a dissertation on the value of circumstantial evidence, and (b) it is couched in figurative language; there is no such thing as a scale of belief. While the language can be found in the law books, and is a piece of fine writing, it is too metaphorical and figurative to be comprehended by the average juror; and (c) the instruction is condemned in *Williams* v. *State,* 95 Miss. 671, and *Permenter* v. *State,* 54 South. 949, because it doesn't contain a statement to the effect that circumstantial evidence to warrant a conviction must exclude every other reasonable hypothesis than one of guilt. While the instruction was harmless in the Williams case, it is prejudicial and highly so, in this one, as it was in the Permenter case.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

I come now to the only serious error set up, which is the granting of the first instruction. This instruction is practically the same as given in the *Permenter case,*

54 So. 949. (See the opinion at the top of page 950.) Virtually the only difference being that the words "beyond a reasonable doubt?" are inserted after the words "to generate full and complete conviction in the minds of the jury." If the case were as close as the Permenter case, and the penalty as serious, and what might otherwise be a serious error were not cured by other instructions, I would be tempted to confess the error, but bearing in mind the decision of the court handed down in the *Williams case,* 95 Miss. 671, through Justice Smith, I think this error is cured by the granting of numerous other instructions asked by defendant. The court will observe that he asked forty-three instructions, a large majority of which were given. Several of them, I think, cured the error. For instance, instruction numbered 2, granted the defendant, is on the subject of circumstantial evidence. I take the liberty of repeating it in full:

"The court instructs the jury that the law presumes the defendant, Victor Irving, not guilty of the crime charged, either in whole or in any of its parts, and to be not guilty of any intent to commit a crime, not guilty of any intent to do so, and this presumption of itself is evidence in his favor; and while there may be facts and circumstances in evidence that point to the defendant's guilt, yet, unless from the whole testimony, and all the circumstances in the case, the evidence arises so high and is so conclusive, that the defendant alone, to the exclusion of all other party or parties, is guilty of the crime charged in the indictment, as to make his guilt a moral certainty, they will return a verdict of not guilty."

Argued orally by *R. H. Thompson,* for appellant, and *J. R. McDowell,* assistant attorney-general, for appellee.

Smith, J., delivered the opinion of the court.

The first instruction granted by the court below at the request of the state is erroneous, for the reason that it

omits the necessary qualification that circumstantial evidence, in order to prove guilt beyond a reasonable doubt, must exclude every other reasonable hypothesis than that of guilt. *Williams* v. *State,* 95 Miss. 671, 49 South. 513; *Permenter* v. *State,* 54 South. 949.

*Reversed and remanded.*