ANNA SMITH *v.* STATE.

[57 South. 913.]

CRIMINAL LAW. *Circumstantial evidence. Instructions.*

    An instruction for the state that a person can be convicted of a crimē or misdemeanor on circumstantial evidence is fatally erroneous, where it omits the necessary qualification that such circumstantial evidence, must be sufficient to exclude every other reasonable hypothesis than that of guilt.

APPEAL from the circuit court of Yazoo county.

HON. W. A. HENRY, Judge.

Anna Smith was convicted of vagrancy and appeals. The facts are fully stated in the opinion of the court.

*Holmes & Holmes,* for appellant.

The last assignment of error which we care to discuss is with reference to the first instruction given for the state, an instruction right in the teeth of two recent decisions of this court, to-wit: *Permenter* v. *State,* 54 So. 949, and *Irving* v. *State,* 56 So. 377. The last case was decided by Mr. Justice Smith on the 6th of last month.

The instruction complained of is as follows:

"The court instructs the jury for the state that a person may be proved to be a common prostitute by circumstances, and if the jury believe from the evidence in this case beyond every doubt that the defendant is a common prostitute, then it is their duty to find the defendant guilty as charged, although there may be no direct evidence of sexual intercourse."

This instruction is more vicious than the ones condemned in the *Permenter* and *Irving cases, supra.* It has the defect of omitting "the necessary qualification that circumstantial evidence, in order to prove guilt be-

yond a reasonable doubt, must exclude every other reasonable hypothesis than that of guilt," and in addition simply says the jury may convict if they believe beyond every doubt, omitting the word reasonable.

In the *Permenter case*, 54 So. 949, the condemned instruction was as follows: "The court charges the jury that circumstantial evidence has been received in every age of the common law, and may arise so high in the scale of belief as to generate full and complete conviction in the minds of the jury of defendant's guilt; and when it does arise so high in the scale of belief as to generate full conviction in the minds of the jury of defendant's guilt beyond a reasonable doubt, then they are authorized to act upon it, and convict the defendant of the crime charged."

In that case this court speaking through Judge Anderson said: "This instruction was clearly erroneous. It is substantially the same instruction which was condemned by the court in *Williams* v. *State*, 95 Miss. 671, 49 South. 513. The court said of the instruction in that case: 'It is elementary law that a conviction may be had on circumstantial evidence alone, when by it guilt is proven beyond a reasonable doubt; but it is also elementary that, before such evidence can be said to prove guilt beyond every reasonable doubt it must exclude every other reasonable hypothesis than that of guilt. The fatal defect in the instruction is that it authorizes the jury to convict on circumstantial evidence which shows guilt beyond a reasonable doubt, without going further and informing the jury that the evidence must be so strong as to exclude every other reasonable hypothesis than that of guilt; in other words, explaining what, it takes to show where the evidence is circumstantial. This addition to the intention is made necessary by the inherent difference in direct and circumstantial evidence."

*Jack Thompson,* assistant attorney-general, for appellee.

The instruction so strenuously objected to by the learned counsel for the appellant with reference to the right of the jury to convict the appellant upon circumstantial evidence is not error in this particular case, for the reason that all the writers on criminal law who treat the subject of sexual crimes, are unanimously of the opinion that this crime, except in very rare cases, is incapable of direct proof. In this connection I quote from the splendid work of Mr. Underhill on Criminal Evidence (2 Ed.), p. 384, as follows:

"That there need not be proof of the existence of a single act of adultery. The crime is sufficiently proved by showing the circumstances which will raise the presumption of unlawful intimacy."

This statement is under the head of unlawful co-habitation, which of course, applies in this case.

Instructions in a case, as has been held by this court time and time again must be taken and considered together by the jury, and instructions number one and two, given on behalf of the state in this case announces the law of the case correctly. The defendant was given the benefit of the instructions of the law applicable to the case and the instructions refused for the appellant by the court were refused properly. The jury, with the testimony of the witnesses before them, and the correct law as given by the court, considered this woman's case and found her guilty as charged. I can see no reason why the verdict should be disturbed by this court.

SMITH, J., delivered the opinion of the court.

One of the instructions granted in the court below, at the request of the state, is as follows: "The court instructs the jury, for the state, that a person may be proved to be a common prostitute by circumstances, and

if the jury believe from the evidence in this case, beyond every reasonable doubt, that the defendant is a common prostitute, then it is their duty to find the defendant guilty as charged, although there may be no direct evidence of sexual intercourse.'' The granting of this instruction was fatal error, for the reason that ''it omits the necessary qualification that circumstantial evidence, in order to prove guilt beyond a reasonable doubt, must exclude every other reasonable hypothesis than that of guilt.'' *Williams* v. *State,* 95 Miss. 671, 49 South. 519; *Permenter* v. *State,* 54 South. 949; *Irving* v. *State,* 56 South. 377.

· The judgment heretofore entered, therefore, is set aside, the judgment of the court below reversed, and the cause remanded.                    *Reversed and remanded.*