J. E. SIMMONS *v.* STATE.

[64 South. 721—61 South. 826.]

1. CRIMINAL LAW. *Circumstantial evidence. Instructions.*

> While a conviction may be had on circumstantial evidence alone, when by it guilt is proven beyond a reasonable doubt, yet before such evidence can be said to prove guilt beyond every reasonable doubt, it must exclude every other reasonable hypothesis than that of guilt.

2. SAME.

> When an instruction is granted advising the jury that circumstantial evidence may be sufficient to support a conviction they must always be advised that before it can be said to be suffi-

cient so to do, it must exclude every other reasonable hypothesis than that of guilt, "For it is the exclusion of every other reasonable hypothesis than that of the guilt of the accused that invest mere circumstances with the force of proof."

APPEAL from the circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

J. E. Simmons was convicted of rape and appeals.

The facts are sufficiently stated in the opinion of the court.

*R. W. Cutrer* and *J. M. Alford,* for appellant.

Instruction number one is fatally defective, because it omits the necessary qualification "that circumstantial evidence, in order to prove guilt beyond a reasonable doubt, must exclude every other reasonable hypothesis than that of guilt." *Williams* v. *State,* 95 Miss. 671; *Irving* v. *State,* 100 Miss. 208; *Permenter* v. *State,* 54 So. 949; *Smith* v. *State,* 101 Miss. 283; Rape, Cent. Dig., sec. 88-100; Dec. Dig. 59. Also former opinion in this case, 61 So. 826. Instruction number 3 meets with the same condemnation. Criminal Law Cent. Dig., 1877; Dec. Dig. 782. Former opinion in this case, 61 So. 826.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

In the former opinion at the conclusion it is stated that the first three instructions for the state are absolutely erroneous. The first instruction in the former case left out the qualification that the jury must believe from the evidence and circumstances beyond a reasonable doubt, and for this reason was erroneous. The first instruction in the present case is not the same either in form or substance, in that in the first instruction in the present case the jury are told that if the circumstances are sufficient to convince them beyond a reasonable doubt it is not necessary to have an eyewitness. It is insisted by attorneys for appellant that this instruction ought to

have the qualification that the circumstances must be absolutely inconsistent with the reasonable theory of innocence. If the circumstances are sufficient to exclude reasonable doubt then it is sufficient because as long as another reasonable theory flows out of the evidence it cannot be said to be beyond a reasonable doubt. The criticism of counsel, therefore, is fanciful rather than substantial. *Runnels* v. *State*, 96 Miss. 92, 50 So. 499. It was held that the instruction contended for by counsel was invoked and the court held that the refusal of such an instruction was proper. The present chief justice delivering the opinion said: "Even if it should be held that this instruction correctly announced the law, its refusal does not constitute reversible error, because the court charged the jury to give the defendant the benefit of every reasonable doubt. The defendant was therefore given the benefit of this principle of law." "In nearly every instance on the trial of a criminal case there arises two reasonable theories, one favorable to the defendant and one favorable to the state and finds support in the evidence, and if such instruction were followed literally by juries, would amount to peremptory instructions to find the defendant not guilty."

*H. V. Wall,* for the state.

We desire to call the court's attention to the error upon which this case was reversed, to wit: The granting of instruction number one to the state. Said instruction is in the following language: "The court instructs the jury for the state that the crime of rape may be proved by the circumstances, and it is not necessary to have any eyewitness to the deed, if the circumstances are sufficient to 'convince' the jury beyond a reasonable doubt that the accused party is guilty."

The court held that this instruction should have been qualified by adding, "To the exclusion of every other reasonable hypothesis."

The court cites the Williams case, the Webb case, the Caleb case, the Permenter case and several other cases in support of its rule. We contend that none of these cases apply to the case at bar. · In all of these cases the court reversed practically on the facts. They were cases solely of circumstantial evidence, made up of tracks, trailing of dogs, and things of that character. Then, too, we desire to call the court's attention to the wording of the instruction in this case, which is different from the instruction condemned in the cases above referred to. The instruction complained of in this case tells the jury that they must. be "convinced" beyond a reasonable doubt from the evidence and circumstances in the evidence that this man is guilty before they can convict him. Now if a man is "convinced" beyond a reasonable doubt, does it not necessarily follow that he is "convinced" to the exclusion of every other reasonable hypothesis? Because if he is not "convinced" to the exclusion of every other reasonable hypothesis, then he is not "convinced" beyond all reasonable doubt, and we contend that there is no court which has ever held to the contrary, and we are aware of the cases cited by the court, and have read them. Let us illustrate our position. Suppose we should say that all the air is excluded from a certain room, would it be necessary for us to go further and say that this means to the exclusion of all air? When we say that a fact is proven beyond all reasonable doubt, then it necessarily follows that it is proven to the exclusion of every other reasonable hypothesis.

Argued orally by *J. M. Alford* and *R. W. Cutrer,* for appellant and *Geo. H. Ethridge,* assistant attorney-general, for the state.

SMITH, C. J., delivered the opinion of the court.

This cause is for the second time before us. On the first appeal, which will be found reported in the 61 Southern, 826, one of the errors for which the judgment of the

court below was reversed was the granting at the request of the state of the following instruction to the jury: "The court further instructs the jury that the crime of rape may be proven by circumstances, and it is not necessary to have an eyewitness to the deed, if the circumstances in evidence are sufficient to create in the minds of the jury a belief that the accused party is guilty beyond a reasonable doubt."

When the cause was again tried in the court below, at the request of the state, practically the same instruction was granted; it being as follows: "The court instructs the jury for the state that the crime of rape may be proven by circumstances, and it is not necessary to have an eyewitness to the deed, if the circumstances are sufficient to convince the jury beyond a reasonable doubt that the accused party is guilty."

It becomes necessary, therefore, for us to again reverse the judgment, and remand the cause for another trial.

In the language of the court in *Williams* v. *State,* 95 Miss. 671, 49 So. 513: "It is elementary law that a conviction may be had on circumstantial evidence alone when by it guilt is proven beyond a reasonable doubt; but it is also elementary that, before such evidence can be said to prove guilt beyond a reasonable doubt, it must exclude every other reasonable hypothesis than that of guilt." This rule was first clearly announced in this state in *Algheri's case,* 25 Miss. 584, and has since been uniformly adhered to. *Caleb* v. *State,* 39 Miss. 721; *Pitts* v. *State,* 43 Miss. 472; *James* v. *State,* 45 Miss. 572; *Webb* v. *State,* 73 Miss. 461, 19 So. 238; *Haywood* v. *State,* 90 Miss. 461, 43 So. 614; *Williams* v. *State,* 95 Miss. 671, 49 So. 513; *Permenter* v. *State,* 99 Miss. 453, 54 So. 949, Ann Cas. 1913E, 426; *Miller* v. *State,* 99 Miss. 226, 54 So. 838; *Irving* v. *State,* 100 Miss. 208, 56 So. 377; *Smith* v. *State,* 101 Miss. 283, 57 So. 913.

The reasons on which this rule is based will be found clearly set out in Haywood and Permenter's cases, *su-*

*pra,* in Wills on Circumstantial Evidence, p. 300, and Underhill on Criminal Evidence, section 6.

When an instruction is granted advising the jury that circumstantial evidence may be sufficient to support a conviction, they must always be advised that, before it can be said to be sufficient so to do, it must exclude every other reasonable hypothesis than that of guilt, "for it is the exclusion of every other reasonable hypothesis than that of the guilt of the accused that invests mere circumstances with the force of proof."

Inference of guilt should be drawn from circumstances only after the exercise of great care and caution for, without the exercise of such care and caution, the wrong inference may easily be drawn. Moreover, the crime here charged and the circumstances on which a conviction is sought are both of such character that it is highly important that appellant should not be deprived of any substantial right.

*Reversed and remanded.*