FORTENBERRY *v.* STATE.

Jan. 19, 1953

No. 38588 16 Adv. S. 20 62 So. 2d 325

*Frank F. Mize* and *W. D. Conn, Jr.,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

KYLE, J.

The appellant, Mrs. Houston Fortenberry, was indicted, tried and convicted in the circuit court of Scott County on a charge of unlawfully distributing beer of an alcoholic content of not more than four percentum by weight, and was sentenced to pay a fine of $500 and serve ninety days in the county jail. From that judgment she prosecutes this appeal.

The State introduced in evidence the order of the board of supervisors of Scott County adopted on September 7, 1950, after the holding of an election on the question, prohibiting the sale of beer in the county.

John S. Williams, the sheriff, testified that on February 9, 1952, he obtained a search warrant from a justice of the peace authorizing the search of the building and premises occupied by the appellant and her husband on U. S. Highway No. 80, approximately four miles west of Morton, known as Oaks Drive Inn, where it was alleged that intoxicating liquor was being stored, kept and offered for sale in violation of the law; that he proceeded to the Oaks Drive Inn, served the search warrant upon the appellant and made a search of the premises; that he found 49 cans of assorted brands of beer in a refrigerator, in a small room near the kitchen, and 20 or 30 empty beer cases in the dance hall of the Inn, and a large number of empty whiskey bottles outside of the building on the ground. There were no other articles in the refrigerator in which the beer was found. There was another refrigerator in the kitchen. There were two beer signs posted in front of the building. The sheriff stated that there were two automobiles in the yard near the rear entrance. Three persons were seated in one of the automobiles, each of whom had in his hand a can of

beer. Other officers participating in the search were Bob Gray, a deputy sheriff, Cliff Everett, night marshal of the Town of Morton, and Earl Turner, constable of Beat 3.

Bob Gray testified that he went around to the back side of the building as soon as he arrived at the Inn. He saw the three boys sitting in the automobile and drinking Falstaff beer. He took possession of the three cans of beer. They were cold and frosted outside and had just been opened. Another automobile was driven into the back yard of the Inn about the time the officers arrived. Gray stated that after taking possession of the three cans of beer he entered the building and participated in the search of the building. The night marshal and constable also testified. Their testimony was substantially the same as that of the sheriff.

Houston Fortenberry, the husband of the appellant, testified as the first witness for the appellant. He stated that he and his wife had operated the Oaks Drive Inn since 1949; that prior to the election in which the sale of beer had been prohibited in Scott County he and his wife had sold beer at the Inn; that they had sold no beer since the court handed down its decision sustaining the validity of the order of the board of supervisors prohibiting the sale of beer in the county; that the empty beer cases found in the dance hall had been stored there for several months, and that the beer advertisements posted on the outside had been there a long time. He stated that when the officers arrived he was standing in front of the Inn, and that Mrs. Fortenberry was seated on a couch in the bedroom. There was an automobile at the rear entrance which came from Jackson, and another automobile arrived about the time the officers arrived, which was going westwardly toward Jackson. He stated that neither he nor Mrs. Fortenberry had delivered any beer to the men who were seated in the automobile drinking beer when the officers arrived. He stated that

both he and his wife drank beer, and that the beer found in the refrigerator was beer that they had on hand to drink themselves; that the beer was kept in the refrigerator in which food was kept, and that the old refrigerator in the kitchen had not been used during the last three years. He admitted that the license to operate the Oaks Drive Inn was issued in the name of Mrs. Fortenberry, and that she owned and operated the business.

Three other witnesses testified that they were accustomed to visit in the home of the defendant, and that the old refrigerator in the kitchen was out of order.

Claud Westerfield testified that he lived about two miles east of Morton and that he was at the Oaks Drive Inn when the officers arrived; that he had been in Jackson with three other boys during the forenoon, and that he had purchased three cans of Falstaff beer in Jackson to take home with him; that he had picked up another passenger on his way home, who was drunk; that he stopped at the Inn to enable one of the boys to purchase a package of cigarettes; that while he was in the rest room in the Inn the boys in his automobile opened the three cans of beer that he had purchased in Jackson and were drinking the beer when the officers arrived. He stated that he did not get any beer from Mrs. Fortenberry.

Mrs. Houston Fortenberry, the appellant, testified that she had operated the Oaks Drive Inn since 1949; that she sold drinks and sandwiches and hamburgers and other things to eat, and operated a dance hall; and that she had sold beer until the sale of beer was voted out. She stated that the beer signs posted near the entrance to the building had been posted there by the beer people. She stated that the refrigerator in which the beer was found when the search was made was the refrigerator in which food was kept, and that the other refrigerator in the kitchen was broken down. She stated that she and her husband drank beer, but that she had

not sold or distributed any beer since the election. She stated that two of the boys who were in the automobile when the officers arrived had come into the cafe to purchase a package of cigarettes and a sandwich, but that neither she nor her husband had delivered any beer to them.

The first point argued by the appellant's attorneys in their brief on this appeal is that the court erred in refusing to grant a peremptory instruction requested by the defendant directing the jury to return a verdict of not guilty.

We think that the peremptory instruction should have been granted. And, in view of the conclusion that we have reached on that point, it will not be necessary for us to consider the other points argued by the attorneys in their brief.

The evidence relied upon by the State to prove the charge alleged in the indictment, was entirely circumstantial. The State offered no direct proof to show that the defendant had distributed, sold or delivered beer to any of the boys who were seated in the automobile near the rear entrance of the building at the time the officers arrived; and there was no proof to show that the three cans of beer which the deputy sheriff found in their possession had been obtained from the Oaks Drive Inn. Both the defendant and her husband testified that no beer had been sold or delivered to the boys after they arrived at the Inn. On the contrary, the defendant's witness, Claud Westerfield, testified that he had purchased the three cans of beer in Jackson and had put them in a paper bag to carry home with him, and that the other occupants of the automobile had taken the beer from the paper bag while he was in the rest room of the cafe. Westerfield's testimony was uncontradicted, and it cannot be said that it was so unreasonable or so highly improbable as to be unworthy of belief. The testimony, if true, showed that no crime had been committed. In

the case of McLeod v. State, 140 Miss. 897, 105 So. 757, this Court said that the jury has no right to disregard arbitrarily evidence that is uncontradicted and not unreasonable or improbable on its face.

In the case of Williams v. State, 95 Miss. 671, 49 So. 513, the Court said: "It is elementary law that a conviction may be had on circumstantial evidence alone when by it guilt is proven beyond a reasonable doubt; but it is also elementary that, before such evidence can be said to prove guilt beyond a reasonable doubt, it must exclude every other reasonable hypothesis than that of guilt." This rule was first clearly announced in this State in the case of Algheri v. State, 25 Miss. 584, and has since been uniformly adhered to. Permenter v. State, 99 Miss. 453, 54 So. 949; Williams v. State, supra; Simmons v. State, 106 Miss. 732, 64 So. 721; Harris v. State, 153 Miss. 1, 120 So. 206.

It may be readily conceded that the testimony of the officers was sufficient to prove beyond a reasonable doubt the facts testified to by the officers; and yet, we think that it cannot be said that proof of those facts was sufficient to establish the defendant's guilt beyond every reasonable doubt, and to the exclusion of every other reasonable hypothesis. The weakness of the State's case was not due to the fact that the State's proof was insufficient to prove beyond a reasonable doubt the facts testified to by the officers, but to the fact that, ██ "assuming all to be proved in behalf of the State which the evidence tends to prove in that behalf, there remains within the evidence, or the want thereof, some other rational hypothesis consistent with innocence," the hypothesis that the three cans of beer which the officers found in the possession of the boys in the automobile had been purchased by them in Jackson or elsewhere before they arrived at the Inn.

We are of the opinion that under the rule stated above, the evidence in this case is not sufficient to sustain a con-

viction; "that while it produces a strong suspicion of guilt, it does not establish the affirmative of the ultimate issue beyond every reasonable doubt." Johnson v. State (Miss.), 198 So. 554. The judgment of the lower court is therefore reversed and the appellant is discharged.

Reversed and the appellant discharged.

*Roberds, P. J.,* and *Holmes, Arrington,* and *Ethridge, JJ.,* concur.