MISSISSIPPI PUBLIC SERVICE Co. *et al. v.* COLLIER.

(Division B.    Sept. 26, 1938.)

[183 So. 379.    No. 33308.]

**Thomas J. Tubb**, of West Point, for appellant, Mississippi Public Service Co.

**Leftwich & Tubb,** of Aberdeen, for appellant, Ray
Hood.

**Paine & Paine**, of Aberdeen, for appellees.

Argued orally by **T. J. Tubb**, and **C. L. Tubb**, for appellant, and by **T. F. Paine**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Cleveland Collier, plaintiff in the court below, brought suit against the Mississippi Public Service Company, Ray Hood, Ford, Davis and Bacon, and one, T. R. Schumpert, for personal injuries sustained in a collision between two trucks, being the same collision as was involved in the case of Mississippi Public Service Co. et al. v. Scott, 178 Miss. 859, 174 So. 573. The facts of the case and the principles governing liability are fully set forth and discussed in that case, and it would be neither necessary nor helpful to restate them here. While there are minor differences in the testimony in these two cases, there were such conflicts in the testimony as to leave the matter for the decision of the jury; and the statement in the case cited is sufficient both as to the facts constituting liability and the rules applicable thereto.

In the present case the plaintiff was in the same truck with Scott at the time of his injury, and received injuries at the same time, the extent and character of which were sufficient to sustain the verdict rendered in the trial below. There was a former trial, resulting in a verdict for the plaintiff here in the sum of $750, which verdict was set aside on motion for a new trial, the motion alleging that the verdict was inadequate, and also that one of the jurors in the former case was related to the defendant, Ray Hood, which fact was unknown to the plaintiff and his attorney at the time the jurors were accepted and until after the rendition of the verdict. The court sustained the motion to set aside the verdict and granted a new trial because of the relationship mentioned, and also on liability. In stating his ruling on the motion for a new trial, the court said that if the question were limited to the question of the adequacy of the damages awarded, he would not disturb the verdict, on account of the conflict in the evidence, for that reason alone; but he did sustain the motion, granting a new trial both as to the amount of damages and liability—in other words, granted a complete new trial.

When the court took up the present case for hearing, the plaintiff filed a motion to reinstate the former verdict, alleging that the court erred in setting it aside. The juror in question, who sat on the former trial, admitted that he was a second cousin to one of the defendants, and that he knew of this relation, although he had formerly stated that the relationship was in the third or fourth degree. He later admitted facts which clearly proved the juror and defendant to be second cousins. On the voir dire examination of this juror, and others, the court asked the jurors being empaneled, if any of them were related to any of the parties, to make it known, and the juror in question remained silent. He seems not to have been specifically interrogated individually about the matter, and there is no indication that the plaintiff or his attorney was aware of such relationship at the

time the jury was empaneled; the testimony is to the contrary. The judge being present and observing the proceedings in the trial, and being thoroughly familiar with what may be called the atmosphere of the case, is in better position to know whether the plaintiff's cause was prejudiced by the presence of the juror in question, which prima facie was prejudicial because of the relationship mentioned. This the juror denied, but his testimony tends to show that he took an active interest for the plaintiff, arguing for that side of the case in the jury room. The evidence of the juror as to what occurred, and that of another juror introduced, seems to have been excluded. Nevertheless, they were all before the judge; and we think it unfair for a related juror to sit in a case, unless that relationship was fully disclosed, and the parties to the suit voluntarily accepted the juror. Consequently there was no error committed in setting aside the verdict. We think such action was commendable and proper.

At the conclusion of the evidence in the present case there was a motion to exclude the evidence offered by the plaintiff, and to direct a verdict for the defendant, as to Ford, Bacon and Davis; and this was sustained by the court below, it appearing from the evidence on the trial of this case that Ford, Bacon and Davis were agents of the Mississippi Public Service Company in the work they were doing—that they were not independent contractors.

There was also a motion to exclude the evidence offered by the plaintiff against the Mississippi Public Service Company, which was overruled, and, we think, properly.

We do not deem it necessary to discuss the question of the independent contractors, so far as Schumpert and Hood are concerned, since the evidence in this case is ample to sustain the theory that they were servants of the Mississippi Public Service Company as held in the former case of Mississippi Public Service Company v. Scott, supra.

The defendant requested a number of instructions on the duty of the plaintiff to keep on the proper side of the highway and bridge at the time of the collision; and that if the injury resulted solely from the failure of the plaintiff to stay on the proper side of the highway and bridge, the jury would return a verdict for the defendant. The court modified several of these instructions by interlining "provided the bridge was not in fact a one way bridge," and in others, "unless the bridge was a one way bridge." The evidence in the case showed that one of the trucks was eight feet wide, the other seven feet, and that the bridge was either fifteen and a half or sixteen feet wide; that the truck in which plaintiff was riding was loaded with hay so placed that the load extended approximately one foot beyond the sides of the truck. Taken together, the two trucks were so nearly the entire width of the bridge that it was highly dangerous for them to undertake to pass on the bridge, especially as the proof showed that there were four-inch strips on the floor next to the banisters; and also the trucks, so loaded, could not safely pass each other, and there was evidence to warrant the jury in believing the bridge to be a one-way bridge, and that it was so regarded by those familiar with it. Under the facts and circumstances in evidence, we think it was proper for the court to modify the instructions. But regardless of whether or not it was proper, the appellant used the instructions; and under our decisions already rendered, he would be precluded from questioning the correctness of the instructions so accepted and used. See Williams v. State, 95 Miss. 671, 49 So. 513; Louisville, N. O. & T. Ry. Co. v. Suddoth, 70 Miss. 265, 12 So. 205; Mississippi Cent. R. Co. v. Hardy, 88 Miss. 732, 41 So. 505.

Under the proper practice, as heretofore pointed out, the person requesting the instruction so modified by the court, if he desires to object to the modification, and insists that the instruction as originally drawn was correct, should have the instruction so marked, and that he

refused to use it. Besides, there is nothing in the record to show that appellants objected to the modification at the time it was made, and it would not be permissible to accept and use it on the trial, and then object after a verdict was rendered.

We have considered the case in all its aspects, and find no reason to reverse the judgment, and it is accordingly affirmed.

Affirmed.