HOLMES v. STATE.

(In Banc. Nov. 24, 1941.)

[4 So. (2d) 540. No. 34677.]

J. H. Daws, of DeKalb, for appellant.

**Greek L. Rice,** Attorney-General, by **R. O. Arrington,** Assistant Attorney-General, for appellee.

Argued orally by **J. H. Daws,** for appellant, and by **R. O. Arrington,** for appellee.

**Roberds, J.,** delivered the opinion of the court.

Appellant relies mainly on the contention that the evidence was insufficient to convict the defendant, and that his motion in the lower court to exclude the testimony of the State, and for a directed verdict for the defendant, should have been sustained. It would be of little, if any, benefit either to appellant or the bench and bar for us to undertake to set out the testimony in this record. We have examined and considered it very carefully, and are

of the opinion that it is amply sufficient to support the verdict of the jury.

Appellant complains that the State was granted a manslaughter instruction. In Alexander v. State, 145 Miss. 675, 110 So. 367, 368, the Court said: "It is now quite well settled that the defendant cannot complain of the giving of a manslaughter instruction on a trial for murder, even though the evidence would have sustained a verdict of guilty of murder, and would not have sustained a verdict of guilty of manslaughter." Bradford v. State (Miss.), 161 So. 138.

The learned trial judge modified an instruction presented to him by defendant, and appellant says this was error. Aside from the question of whether the instruction as modified was erroneous, which we do not decide, appellant is in no position to complain, since he used on the trial the instruction as modified. Williams v. State, 95 Miss. 671, 49 So. 513; Pullen v. State, 175 Miss. 810, 168 So. 69; Mississippi Public Service Co. et al. v. Collier, 183 Miss. 271, 183 So. 379.

Appellant also assigns as error a certain instruction on circumstantial evidence given the State on the trial. The error, if any, contained in that instruction was cured by a similar instruction granted to and used by the appellant. "The instructions must be taken as a whole, as one body, and announce, not the law for the plaintiff or the defendant, but the law of the case. . . ."

Williams v. State, supra [95 Miss. 671, 49 So. 514].

We find no reversible error in this record.

Affirmed.