KLUMOK *v.* YOUNG

No. 41537          October 10, 1960     ·     123 So. 2d 535

*Edward J. Currie, Sr.* and *Jr.,* Hattiesburg, for appellant.

*M. M. Roberts*, Hattiesburg, for appellee.

HALL, P. J.

A word of explanation is in order at the outset as to why this case originated in Leflore County and was tried in Forrest County. The defendant, Donald M. Young, was employed in Leflore County when the accident in question occurred but his employer later trans-

ferred him to Forrest County, where he was living when the suit originated.

Mr. Young testified as an adverse witness on cross-examination and admitted that on the occasion in question he had stopped under a viaduct in a severe hailstorm and remained there four or five minutes. Mrs. Klumok was driving her automobile and stopped under the same viaduct about four or five car lengths ahead of Young. Mr. Young admitted that her rear lights gave him notice, after they left the viaduct, that she was slowing down. He also admitted that the road was very slippery and that he knew it and that he slowed very little and with the road covered with hail, he struck the back of Mrs. Klumok's automobile and he admitted that he struck her with tremendous force and that at the time it took him four or five car lengths to stop. Both automobiles were traveling south and several cars were coming from the opposite direction and he struck Mrs. Klumok's car, according to his testimony, hard enough to totally destroy his automobile, a Buick car.

It is not seriously contended that Mrs. Klumok did not sustain considerable injuries. She was first in South Sunflower Hospital and was later in Campbell's Clinic in Memphis where she was put in traction. She had to go to Memphis three times and was not only severely injured but was put to considerable expense in repairing her car as well as a considerable amount for automobile rent while she was undertaking to have her car repaired and also a considerable expense for extra help in her store to keep it going at a time when she was unable to be there.

The appellee, defendant, claimed in his answer that the hail and rain quickly changed the conditions on the highway and that the road became a slippery road during the hailstorm and that it was the weather conditions and no fault or failure of the defendant that the accident occurred and that the accident was purely accidental and may be and should be classed as a pure ac-

cident. He did not allege or claim that the plaintiff was guilty of any negligence, contributory or otherwise. In numerous cases we have held that the driver of a motor vehicle upon a public highway must keep his vehicle constantly under control and that he must be always on the alert for other persons and property on the highway, and that every such driver of a motor vehicle upon a public highway must at all times operate his vehicle and control its travel upon the highway in a manner that is reasonable and prudent in view of the circumstances surrounding and the condition of the highway with which the driver of such vehicle is confronted.

In fact, Sec. 8188(a), of the recompiled Code of 1942 provides that: ''The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.''

At the trial the jury was instructed for the defendant that if they should believe from a preponderance of the testimony that on the occasion of the accident in question it was hailing and there was resulting ice on the pavement and if they further believed from a preponderance of the testimony that the pavement was made unusually slippery because thereof and that this condition and situation could not have been foreseen by a reasonably prudent person using ordinary care for his own safety and for the safety of others on the highway at the time and that the defendant was free from negligence then it is their sworn duty to find for the defendant. This instruction was not warranted by the proof in the case nor by any testimony but was contrary to Mr. Young's own admissions. In fact he admitted that he knew that the pavement was unusually slippery because of the hail thereon. He admitted that he had full knowledge of the condition and situation which then and there existed upon the highway.

It was also error for the trial court to submit to the jury the question of whether the appellee "was free from negligence." According to the undisputed testimony he was not free from negligence and the collision was not "a pure accident", as outlined in the defendant's instruction. There is no semblance of pure accident in this case and according to Mr. Young's own testimony the collision was not an accident but was the result of his own negligence in following Mrs. Klumok's car too closely.

From what we have said it is evident that the verdict against Mrs. Klumok is not supported by any evidence and should not be permitted to stand. But, on the contrary, Mr. Young practically admitted liability, swore himself into the situation where the plaintiff should have had a peremptory instruction against him, and the judgment of the lower court will, therefore, be reversed and a judgment on liability entered here in her favor and the cause remanded to the lower court for assessment of her damages.

Reversed, judgment here for appellant, and remanded for trial on the issue of damages.

*Lee, Holmes, Ethridge* and *McElroy, JJ.,* concur.