BROOKS, et al. *v.* SANDERS

No. 42078          February 5, 1962          137 So. 2d 174

*Jesse L. Yancy, Jr., E. L. Lamar,* Bruce, for appellants.

*William O. Semmes,* Grenada, for appellee.

McGEHEE, C. J.

On or about July 1, 1960, the appellee Ben G. Sanders, Supervisor of District No. 1 of Grenada County, Mississippi, went upon the land of the appellants, Phillip M. Brooks and Norman G. Brooks, and constructed, by use of a bulldozer, on and over their land for three-fourths of a mile a public road without the authority or consent of the said landowners. The appellants complained of this trespass and damage to their lands and timber, and the appellee asserted in defense of the action that he had constructed the said public road at the request of one Charles Perry over the lands of the appellants and onto the adjoining lands of the said Charles Perry.

The appellants brought this suit in the Circuit Court of Grenada County for the damages done to the land by the taking of the three-fourths of a mile strip thereof for road purposes, and claimed as damages the value of the strip of land appropriated for road purposes, the actual value of the young timber cut and destroyed thereon and for the statutory penalty for each of the trees so cut and destroyed.

As a further defense, the appellee contended that he graded up the said public road along and over an old road for which the county had acquired title by adverse possession and prescriptive rights. The overwhelming weight of the evidence disclosed that any part of the old road which had been used as a right-of-way for the location of the new road had long since grown up in young pine and other trees and that the use of the old road had long since been discontinued. Moreover, the

great weight of the evidence established the fact that the old road referred to was located at least 150 to 300 or 400 yards from the location of the new road, and that the old road was never a public road within the sense of the statute relating to public roads under the supervision and control of boards of supervisors.

In the case of Gulf & S. I. R. Co. v. Adkinson, 117 Miss. 118, 77 So. 954, this Court said: "A highway is a road or way upon which all persons have the right to travel at pleasure. It is the right of all persons to travel upon a road, and not merely their traveling upon it that makes it a public road or highway. * * * but in order for it to be so acquired, *the road must be habitually used by the public in general for a period of ten years;* and such use must be accompanied by evidence, other than mere travel thereon, of a claim by the public of the right so to do." (Italics ours).

██ The verdict of the jury in favor of the defendant Sanders is clearly contrary to the overwhelming weight of the evidence, but the plaintiffs did not file a motion for a new trial on the ground that the verdict was contrary to the overwhelming weight of the evidence. Therefore, we have no ruling of the trial court for review on that particular point.

However, the plaintiffs, as the appellants here, do assign as error the action of the trial court in refusing to grant the plaintiffs a peremptory instruction, and the appellants argue that assignment of error here.

██ We are of the opinion that since the defendant relied upon the defense of having acquired right or title to the strip of land in question by prescription, the burden of proof was upon the defendant to establish that defense. ██ We do not think that the defendant met this burden of proof. Hence, the plaintiffs were entitled to a peremptory instruction on the question of liability and the case should be reversed and remanded for a new trial on the question of damages alone, and

the issue of whether or not the defendant was also liable for the statutory penalty should be submitted to the jury, under proper instructions, on another trial on the basis of the record now before us.

Reversed and remanded.

*Gillespie, Ethridge, Rodgers* and *Jones, JJ.,* concur.