GREGORY, A MINOR, ETC., PLAINTIFF-APPELLANT *v.* THOMPSON, DEFENDANT-APPELLEE

No. 42850 February 3, 1964 160 So. 2d 195

432

*Wm. R. Bradley,* Clarksdale, for appellant.

*Maynard, Fitzgerld & Maynard,* Clarksdale, for appellee.

PATTERSON, J.

This is a tort action by Marie Gregory against Gus Thompson based on injuries sustained by appellant as a guest in the automobile of appellee, he being the driver thereof. The case was tried by the circuit judge by agreement as judge and jury. Judgment was rendered in favor of defendant and plaintiff has appealed from this judgment.

The undisputed evidence establishes the following facts: Appellant and appellee were returning from an outing on DeSoto Lake to the City of Clarksdale on Mississippi Highway No. 1 at approximately five o'clock on the afternoon of August 27, 1961, in the automobile of the defendant, which was being driven by him. It was not yet dark. Visibility was good for a quarter of a mile or more. While so returning, the appellee approached an automobile to his front traveling in his same direction but at a slower speed. The appellee then manuevered his automobile to the left of the center line of the highway to pass this slower vehicle, which was then only fifteen yards directly ahead of him. An oncoming car prevented him from so doing. The driver then turned his automobile to the right, back into his lane of traffic, and was forced to quickly apply or "slam" on .the brakes to avoid striking the vehicle immediately ahead. This brake action, together with the action in pulling to the right, caused the automobile. to skid off the highway, resulting in the head of appellant striking the section between the seats and she being injured thereby.

Appellant and appellee were the only witnesses to testify. The only substantial differences in their testimony permitted to be introduced by the trial judge was the speed of the automobile in which they were traveling immediately prior to the accident. The appellant's version was that this speed was approximately 70 to 75

miles per hour; that of the appellee, 50 to 55 miles per hour. We accept the slower speed, as did the trial judge.

The appellee's defense is based primarily upon the contention that there was a sudden emergency created directly prior to the accident, and that he acted in this emergency in a reasonable and prudent manner and, therefore, he was not liable. The second defense of appellee was that the appellant was entirely aware of the manner and speed of his driving and at no time protested against it, thereby assuming the risk incident thereto.

The question for the Court to determine is whether the judgment for defendant-appellee is against the overwhelming weight of the evidence and the law.

Sec. 8188(a), Miss. Code 1942, Rec., provides, among other things, as follows: ''The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.''

By the defendant's own testimony he saw the car ahead of him slow down at a time when he was within 25 or 30 yards of it traveling at a speed of 55 miles per hour. Appellee then approached some ten yards closer to the slowing vehicle immediately to his front and eased his car into the left lane in an effort to pass. Upon finding this lane obstructed by an oncoming car, he then, for the first time, applied his brakes in an effort to avoid an accident, resulting in his automobile skidding from the highway and injuring the plaintiff in so doing. Clearly, under these circumstances, there could be no sudden emergency to which appellee did not substantially contribute, indeed, he created the emergency, and having so contributed to this situation, he cannot now defend his acts of negligence by relying upon this rule. G. M. & O. R.R. Co. v. Withers, 154 So. 2d

157; Meeks v. McBeath, 231 Miss. 504, 95 So. 2d 791; Klumok v. Young, 239 Miss. 393, 123 So. 2d 535.

 The second defense of appellee is not well taken in view of Junkins v. Brown, 238 Miss. 142, 117 So. 2d 712, and Hatcher v. Daniels, 228 Miss. 196, 87 So. 2d 490, the clear rule being therein expressed that the guest assumes all the ordinary risk of an injury incident to travel in a motor vehicle controlled by a reasonably prudent driver. He does not, however, assume the risk of the danger created by the negligent operation of a motor vehicle over which he has no control.

 From the evidence of the defendant, it is clear that the verdict against Marie Gregory was not supported by any evidence and should not be permitted to stand. To the contrary, the defendant swore himself into a situation where his negligence cannot now be disputed. The judgment of the lower court is therefore reversed and judgment on liability entered here in favor of appellant, and the cause remanded to the lower court for assessment of her damages.

Reversed, judgment here for appellant, and remanded for trial on issue of damages only.

*Kyle, P. J., and Ethridge, Gillespie and Rodgers, JJ.,* concur.