SMITH, Justice.
Andrew Umfress, a 15 year old youth, was killed when a bicycle on which he was riding collided with an automobile driven by appellee, Billy Randolph. Appellants are the surviving mother and brothers and sisters of young Umfress and were plaintiffs in an action for damages brought against Randolph in the Circuit Court of Lee County for his alleged wrongful death. The trial resulted in a jury verdict for defendant-appellee. From the judgment entered pursuant to that verdict this appeal has been prosecuted.
Of three matters assigned and argued as error the first is that the trial court erred in refusing to direct a verdict for plaintiff s-appellants.
The fatal collision occurred on Mississippi Highway 9 near Pontotoc. Appellee Randolph was the only eye witness who undertook to testify as to how the accident had occurred. The only other “eye” witness was a lady who had been engaged in conversation in her backyard some 200 yards away, who said that she had seen the automobile and bicycle as they collided. However, she stated quite frankly that she had not been paying any particular attention and had not noticed the car at all before the impact. She testified that she could not say where either had been prior to the moment of impact, nor could she say whether Umfress had been riding his bicycle upon the pavement or upon the shoulder of the highway. She admitted that she was not clear about anything concerning the'accident. She first had thought that the bicycle had been struck from the rear, but when shown photographs made by the Mississippi highway patrolman shortly after the collision said that she had been mistaken as to that.
Randolph testified that he had been driving his automobile north on Mississippi Highway 9. At the place in question the blacktop pavement is 20 feet or more in width and the edge of the pavement is raised several inches above the adjacent shoulder. Vehicles traveling the highway north descend a gradual downgrade. The shoulder was graveled, and photographs show that this gravel contained some rather sizeable rocks. Randolph was traveling at a speed between 40 and 45 miles per hour, the speed limit was 65 miles per hour, and he had observed Umfress some distance ahead as he rode his bicycle upon the right hand shoulder of the highway, also going north. Umfress appeared to be “hunched over,” pedaling hard, and was going rather rapidly along the shoulder.
Witnesses estimated the width of the shoulder variously from 5 to 7 feet. However, the photographs in the record show that it was, at least, sufficiently wide to accommodate the parking of average size American automobiles upon it, completely off of the pavement.
Randolph’s automobile was drawing abreast of the bicycle and was in the process of passing, when, either because the cyclist lost control of the bicycle or its front wheel struck some defect in the shoulder, possibly a piece of the gravel, the bicycle was deflected to its left and struck the raised edge of the pavement. The result of this, according to Randolph’s undisputed testimony, was that the rider was thrown off of the bicycle and over the right front fender of the car, striking the windshield. Some part of the bicycle struck and broke the glass of the right hand head lamp of the automobile and left a scratch along its right front fender. Photographs taken *312 by the patrolman show that both pedals of the bicycle were damaged but that there was no damage whatever to its rear fender or rear wheel.
Randolph testified that all. of this had happened in an instant, without warning, and so suddenly that he was unable to apply his brakes or do more than make a futile attempt to turn left.
At the conclusion of the evidence each side earnestly sought a directed verdict. The trial court, however, submitted the case to a jury which returned a verdict for appellee. This verdict had the effect of foreclosing such questions of fact as there were and resolved all conflicts in the evidence favorably to appellee. It also amounted to a factual finding by the jury that Randolph had not been negligent and had acted as a reasonably prudent person would have done under the same or similar circumstances.
In reviewing the sufficiency of the evidence to support the jury’s verdict, that which supports or reasonably tends to support appellee’s theory of the case, either directly or by reasonable inference, must be accepted. Appellee’s account of the tragedy is neither unbelievable nor unreasonable, nor is it contradicted in any of its material aspects. It accords with the physical facts in evidence, including those clearly shown by the photographs.
Mississippi Code 1942 Annotated section 8149 (1956) provides that persons riding bicycles are subject to the same traffic regulations and rules of the road as drivers of vehicles generally. Section 8093 fixes the age at which a person may obtain a license to operate a motor vehicle at 15 years. See Cochran v. Peeler, 209 Miss. 394, 47 So.2d 806 (1950).
It was the province of the jury to determine from all of the evidence whether appellee had been guilty of negligence which proximately caused or contributed to the death of young Umfress. We are unable to say from the record that the jury’s verdict in this case was not justified by the evidence or that the trial court erred in declining to direct a verdict for the plaintiffs-appellants.
Appellants next complain of a jury instruction granted at appellee’s request which is referred to in the brief as an “unavoidable accident” instruction. A reading of this instruction reveals that it correctly informs the jury that its verdict should be for the defendant if it should find from the evidence that the defendant had been guilty of no negligence which had proximately caused or proximately contributed to the injury and death of Umfress.
The instruction concludes by saying that in such an event (a factual finding by the jury that no negligence on defendant’s part had proximately caused or contributed to the injury and death) the occurrence, insofar as the defendant was concerned, was an unavoidable accident for which he was not liable. We do not think the instruction incorrectly stated the applicable law nor that it was capable of misleading the jury, especially when read with the rather liberal instructions granted appellants which submitted to the jury all of the theories of negligence relied upon for recovery.
Finally, it is asserted in appellant’s brief and argued as error that the trial judge had granted an instruction requested by appellants only after appellants had been forced to amend it to obviate an objection by the judge to the form in which it had been presented. Neither the instruction in its original form nor the amendment said to have been made at the court’s suggestion appears set out in the record. We are, of course, limited to the record as made and may not act upon statements in the briefs of counsel. In any event, the instruction in its amended form was obtained and used by appellants and this has been held to be a waiver of the error, if any, in the trial court’s action in suggesting or requiring the amendment. Jones v. State, 57 So.2d 499 (Miss.1952); *313 Holmes v. State, 192 Miss. 54, 4 So.2d 540 (1941); Mississippi Public Service Co. v. Collier, 183 Miss. 271, 183 So. 379 (1938).
The record does not reflect that any error prejudicial to the rights of appellants or which would warrant the reversal of the jury’s verdict occurred in the trial of this case. The judgment appealed from must, therefore, be affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.