GILLESPIE, Presiding Justice:
Albert L. Mercier, hereinafter plaintiff, brought suit against Katharine Armstrong Davis and L. F. Allen, Sr., in the Circuit Court of Jackson County for personal injuries allegedly sustained in a three car accident. The jury returned a verdict for both defendants and judgment was entered accordingly. Therefrom plaintiff appealed to this Court. The case is reversed because of errors in the jury instructions.
A lengthy line of traffic was proceeding in an easterly direction on U. S. Highway 90, which at a point west of Bay St. Louis in Hancock County, Mississippi, consisted of two lanes, one for eastbound traffic and one for westbound traffic. Most of these vehicles were traveling at a rate of about forty-five miles per hour except defendant Allen in the final car, who was traveling somewhat faster. Of the several vehicles in front of plaintiff, a military vehicle was immediately ahead at a distance of about one hundred twenty-five feet. Immediately behind plaintiff was defendant Davis who was followed by defendant Allen. A Pontiac, being driven by Jack Calloway, was parked on the south shoulder of the highway headed east. Just after plaintiff passed the Pontiac, it entered the eastbound traffic lane and then suddenly moved into the westbound lane forcing the westbound traffic onto the north shoulder. Somewhere ahead the Pontiac returned to the eastbound lane causing the vehicles in front of plaintiff to stop. Plaintiff thereupon stopped behind the military vehicle. The Davis-driven vehicle ran into the rear of plaintiff’s station wagon. Then defendant Allen’s car collided with the rear of the Davis Valiant which again struck plaintiff’s station wagon. There is no substantial dispute regarding the above stated facts.
Two versions are presented regarding the purported negligence of defendant Davis. Plaintiff testified that after stopping behind the military vehicle, he looked in his rear view mirror and observed that the vehicles driven by the two defendants were about five hundred or more feet behind him and were approaching at a rapid rate of speed and that he was struck first by the Davis car, after which his station wagon was struck again. According to defendant Davis, she was traveling at a speed of forty-five miles per hour- when the Pontiac suddenly entered the line of traffic behind plaintiff and in front of her before moving into the westbound lane causing two oncoming cars to pull onto the shoulder so as to avoid a head-on collision with the Pontiac. Defendant Davis had been following plaintiff about two or three car lengths for some time before plaintiff’s brake lights appeared on plaintiff’s car; at the time plaintiff’s brake lights went on she was about thirty-six feet behind him *904 and she determined that she would not he able to avoid a collision. Defendant Davis was not certain, however, whether the Al-lén car hit her before or after she struck plaintiff’s vehicle.
Defendant Allen’s testimony is that he approached the scene of the accident at a speed of approximately fifty miles per hour and in moderate to heavy traffic. When about seventy-five feet behind the Davis Valiant, he “ * * * saw all the signal lights go on on her car and the others.” After the Pontiac “darted out” in front of the Valiant, Allen stated that thereupon he “* * * turned into the west lane myself because I wanted to avoid this, and just as I got up even with the Valiant, the Valiant collided with the rear of the Mercier vehicle * * * I kept the same speed because they were slowing down and I was gradually overtaking them. They were going, I would estimate at forty-five. miles an hour, and I was going fifty and approaching them * * * as I got into the westbound lane to go around these cars, as I got right behind— catty-cornered from the Valiant, I saw the Valiant hit and bounce back. Of course, I immediately threw on the brakes and when the Valiant bounced back, * * * the left rear of her car was about a foot over the center line of the road.” Allen’s car then struck the Valiant, knocking it forward. Allen admitted that since he was seventy-five feet back when “the accident first started,” there had been time for him to stop.
Plaintiff contends that the verdict of the jury was contrary to the overwhelming weight of evidence. This was not assigned as a ground for a new trial in the lower court; therefore, it may not be raised here. Brooks v. Sanders, 243 Miss. 46, 137 So.2d 174 (1962). Moreover, the jury could have determined that plaintiff sustained no compensable injury from the accident. At the accident scene, plaintiff said that he was not injured after the accident and several weeks later he signed a written statement that he sustained no injuries in the accident. Notwithstanding evidence to the contrary, the jury had a right to conclude that these statements were correct. Therefore, this Court cannot hold that the jury verdict was against the overwhelming weight of the evidence.
Both defendants requested and were granted instructions on the sudden emergency doctrine. This is assigned as error and we are of the opinion that neither defendant was entitled to an instruction invoking the sudden emergency doctrine into the case.
Defendant Davis was following plaintiff too closely and was unable to stop her car. when plaintiff stopped to avoid colliding with the military vehicle. Following another vehicle a distance of only thirty-six feet while traveling forty-five miles per hour and under the attendant circumstances seems to us to show overwhelmingly that defendant Davis violated Section 8188(a), Mississippi Code 1942 Annotated (Supp.1968) which reads as follows :
The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.
Defendant Allen saw the Pontiac enter the eastbound lane and abruptly move into the westbound lane forcing the oncoming cars upon the north shoulder. Also observed were the brake lights of the vehicles ahead. In spite of all these events, defendant Allen continued to proceed at fifty miles per hour as he entered the westbound lane to pass. He braked his vehicle only when he saw the Valiant bounce across the center line after striking plaintiff’s station wagon. In our opinion the evidence overwhelmingly shows that Allen had a substantial role in creating the circumstances which he maintains constitutes an emergency.
*905 This Court has repeatedly held that the sudden emergency doctrine is not available to a defendant if the emergency was created in whole or in part by his negligence. Peel v. Gulf Transport Co., 252 Miss. 797, 174 So.2d 377 (1965); Gregory v. Thompson, 248 Miss. 431, 160 So.2d 195 (1964).
The jury was correctly instructed that plaintiff was not guilty of negligence. At the request of defendant Allen a contributory negligence instruction was given in which the jury was informed that if plaintiff was guilty of negligence contributing to his injuries then the jury should reduce the amount of damages in proportion to plaintiff’s negligence. Plaintiff contends that this confused the question of liability. We hold that the contributory negligence instruction, being in direct conflict with the proper instruction that plaintiff was not guilty of negligence, was erroneously granted.
This is not a case for the application of Mississippi Supreme Court Rule 11, since the several errors cannot be said to be harmless. Griffin v. Holliday, Miss.1970, 233 So.2d 820.
Plaintiff also contends that he was entitled to a peremptory instruction requiring the jury to find for the plaintiff. Because the jury could conclude that plaintiff suffered no compensable injury as a result of the collision, the trial court correctly refused to enter a peremptory instruction in favor of plaintiff.
There is no merit to the contention that the trial court erred in admitting into evidence motion pictures of plaintiff’s activities subsequent to the accident' since plaintiff agreed that they could be shown to the jury.
For the reasons stated the case is reversed and remanded for a new trial.
Reversed and remanded.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.