## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 92-CA-00839-SCT

*FLORA SHIELDS*

*v.*

*C.W. EASTERLING*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/16/92 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | EUGENE COURSEY TULLOS |
| | JOHN S. KNOWLES III |
| ATTORNEYS FOR APPELLEE: | EVA GABLE |
| | STANLEY P. BUCKLEY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 6/20/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/11/96 |

**BEFORE DAN M. LEE, C.J., BANKS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. This appeal arises out of a single car accident that occurred on an Interstate Highway near Mattoon, Illinois. Flora Shields was a passenger in a pick-up truck driven by C. W. Easterling (Easterling). Shields filed a suit in Mississippi. The case went to trial on March 21, 1990. The jury awarded a verdict for the defendant. Following the denial of post-trial motions, Shields perfected her appeal to this Court.

### FACTS

¶2. On November 4, 1986, Shields began a trip to Chicago, Illinois, with Easterling, who was driving a truck owned by Clyde Kirk. Kirk was a passenger in the vehicle at the time of the accident. The truck was pulling a U-Haul trailer that contained most of Shields's earthly possessions.

¶3. The journey commenced with Shields sitting between Kirk and Easterling. In the early morning hours of November 25, the truck had passed into Illinois. It was cold that morning, approximately nineteen to twenty degrees Fahrenheit.[1] It was before six o'clock, still dark. No precipitation was falling. As the truck passed over a bridge, Easterling, who was driving, hit a patch of ice on a bridge,

causing the truck to slip. Kirk told Easterling to "break it down, man, because the bridges are icing over." Easterling slowed his speed to approximately forty to forty-five miles per hour and the journey continued without mishap. Unfortunately, about ten to fifteen miles down the road, while driving in the right-hand lane, Easterling hit another patch of ice on a bridge. The truck began to fishtail, the truck and trailer jackknifed, then flipped, and finally came to rest in the median. The accident left Shields pinned in the truck, until Easterling and Kirk removed her through the windshield.

¶4. Kirk testified, that in his opinion, Easterling had proper and reasonable control over the car given the circumstances; that Easterling had slowed his rate of speed down after first encountering ice on the prior bridge where no mishap had occurred; and finally that a slower rate of speed would not have prevented the accident. Kirk also testified that Shields had her head reclined back with her eyes closed at the time of the accident. He admitted that he was unsure whether Shields was asleep.

¶5. Shields testified that in her opinion Easterling was driving too fast under the conditions. Because he was driving too fast, he lost control, causing the accident.[2] However, Shields admitted that she had never driven a motor vehicle in her life, except for "fooling around." She had never possessed a driver's license. She did not know the speed of the vehicle at the time of the accident and did not look at the speedometer. Since it was dark, she saw no ice on the road. She was unaware of the truck hitting a patch of ice on the earlier bridge. Furthermore, she testified that Easterling had proper control of the car until the time the accident occurred.

¶6. The jury returned a verdict for the defendant.

## LAW

¶7. Shields's first two assignments of error deal with the issue of improper jury instructions.

> On appeal, this Court does not review jury instructions in isolation; rather, they are read as a whole to determine if the jury was properly instructed. Accordingly, defects in specific instructions do not require reversal where all instructions taken as a whole fairly--although not perfectly--announce the applicable primary rules of law. However, if those instructions do not fairly or adequately instruct the jury, this Court can and will reverse.

*Peoples Bank and Trust Co. v. Cermack*, 658 So. 2d 1352, 1356 (Miss. 1995) (citations omitted).

### I.

### THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF'S PEREMPTORY INSTRUCTIONS P-1 OR P-9.

### A.

### Instruction P-1

¶8. Shields's first complaint is that the trial court denied plaintiff's instruction P-1 which reads: "The Court instructs the jury to find for the plaintiff against the defendant, C. W. Easterling."

¶9. The evidence shows there was a jury question as to whether Easterling's rate of speed caused the accident in question. Shields's testimony was that the rate of speed at which Easterling was driving

caused the accident in question. Kirk's testimony comes to the opposite conclusion. Shields also contends that Easterling's actions, as a matter of law, prove a lack of reasonable control over the truck as evidenced by the fact that an accident occurred. On this issue, as well, Kirk's lay opinion testimony reaches the opposite conclusion.

¶10. What the Shields appears to argue is that because an accident occurred involving a single car that, *by that fact*, Easterling is negligent as a matter of law. This is not so. It bears repeating that in a negligence case the plaintiff has the burden to prove the defendant breached a duty causing an injury. Shields's theory, in essence, creates a form of strict liability. She argues that where an accident occurs involving no other vehicle, the driver of the vehicle is liable as a matter of law. The trial court did not err in refusing Shields's peremptory instruction.

### B.

### Instruction P-9

¶11. Next Shields's contends that the trial court erred in refusing to instruct the jury that she was not negligent, as a matter of law. The instruction in question reads: "The Court instructs the jury that the plaintiff was not guilty of negligence as a matter of law."

¶12. The purpose of this instruction is unclear. On appeal, Shields cites no cases in support of her position. Considering the issue, we hold it without merit since the defendant did not request a comparative negligence instruction which placed Shields's action, or lack thereof, at issue.

### II.

### THE TRIAL COURT ERRED IN GRANTING DEFENSE INSTRUCTIONS D-3, D-15 AND D-16.

### A.

### Instruction D-3

¶13. Instruction D-3 reads:

> The Court instructs the Jury that in the course of human events, and the progress of civilization, unavoidable accidents occur, and it is recognized by law that unavoidable accidents do indeed occur and as a result of which people are injured when there is no negligence, and in this case, if the Jury believes from a preponderance of the evidence that the accident in question and the resulting injuries, if any, were the result of an unavoidable accident and not of negligence on the part of Defendant, C. W. Easterling, then it shall be your sworn duty to return your verdict for the Defendant.

¶14. At the trial, the original instruction included the words "simple accident." The trial court suggested taking out the word "simple" and replacing it with "unavoidable." The plaintiff's only argument was to object "for the record."

¶15. Shields submits that the Supreme Court of Mississippi has never accepted an unavoidable accident instruction. She further contends that the term is useful only to suggest that an accident had

a cause other than the defendant's lack of due care. ***Petition of M/V Elaine Jones***, 480 F.2d 11 (5th Cir. 1973), *opinion amended by, Canal Barge Co., Inc. v. Griffith*, 513 F.2d 911 (5th Cir. 1975), *overruled on other grounds by Sea-Land Services v. Gaudet*, 414 U.S. 573 (1974) and *Johnson v. Penrod Drilling Co.*, 510 F.2d 234 (5th Cir. 1975). Shields submits the closest this Court has come to recognizing such a defense is the "Act of God" defense. This defense applies where an injury is attributable solely to natural cause without any human intervention, which the exercise of prudent care could not have prevented. ***See City of Jackson v. Brummet***, 224 Miss. 501, 80 So. 2d 827 (1955).

¶16. Shields did not put this objection to the trial court in any specific meaningful manner. Thus, the trial judge had no opportunity to rule on it. ***Collins v. State of Mississippi***, 368 So. 2d 212, 212 (Miss. 1979). Thus, this Court is barred from reviewing this issue.

¶17. Alternatively, the issue is without merit. This Court previously dealt with a very similar instruction where we held a proper reading of the instruction "correctly inform[ed] the jury that its verdict should be for the defendant if it should find from the evidence that the defendant had been guilty of no negligence which had proximately caused or contributed to the injury [of the plaintiff]." ***McCollum v. Randolph***, 220 So. 2d 310, 312 (Miss 1969). The defendant gives proper emphasis as shown below:

> in this case, if the Jury believes from a preponderance of the evidence that the accident in question and the resulting injuries, if any, were the result of an unavoidable accident and **not of negligence on the part of Defendant, C. W. Easterling,** then it shall be your sworn duty to return your verdict for the Defendant.

If we were to reach the merits we would find this instruction, when properly read, is not erroneous.

¶18. Finally we note, Instructions C-1 and P-4 inform the jury that instructions shall be read and considered together. Numerous other instructions properly informed the jury on the issue of negligence. Even if we were concerned about our conclusions above, the result would be no different. Since "all [the] instructions taken as a whole fairly -- although not perfectly -- announce the applicable primary rules of law," we conclude that any perceived error was harmless. ***Peoples Bank and Trust Co. v. Cermack***, 658 So. 2d 1352, 1356 (Miss. 1995) (citations omitted).

## B.

## Instruction D-15

¶19. Instruction D-15 reads:

> The Court instructs the Jury that if you find from a preponderance of the evidence in this case that on or about November 25, 1986, the Defendant, C. W. Easterling was operating a vehicle northerly on Route 45 near Mattoon, Illinois, in the right-hand or easternmost lane of northbound traffic, and that at the same place and time the Plaintiff, Flora Shields was riding in the front seat as a passenger, and if you further find from a preponderance of the evidence, if any, that C. W. Easterling was operating the vehicle at a reasonable rate of speed under the conditions then and there existing, that the **Defendant had the vehicle under reasonable and**

**proper control prior to entering upon the bridge, and was maintaining a reasonable and proper lookout considering the weather conditions at the time, but did not see, and in the exercise of reasonable care could not have seen ice upon the bridge before the vehicle passed over the ice,** and if you further find from a preponderance of the evidence, if any, that in passing over the ice on the bridge the vehicle began to slip and slide and ultimately left the roadway, but that the Defendant, C. W. Easterling, at all times then and there existing, acted as a reasonable and prudent driver would have acted under the same or similar circumstances, then you must find your verdict for the Defendant, C. W. Easterling, even though the vehicle did leave the roadway, as a result of hitting ice on the bridge and as a result Plaintiff suffered injuries.

(Emphasis added.)

¶20. Shields objected to the portion of the instruction that stated the defendant did not see the ice. Shields's argument appears to be that there are no underlying facts to support the instruction. We hold that this issue has no merit. The jury could have disbelieved Kirk's testimony and concluded Easterling did not have any notice of ice on the bridge. Further, the instruction states the verdict must be for the defendant if Easterling "acted as a reasonable and prudent driver would have acted under the same or similar circumstances."

## C.

## Instruction D-16

¶21. Instruction D-16 reads:

The Court instructs the Jury that a passenger in a vehicle as a permissive guest, assumes the risk of obvious dangers, and assumes all of the ordinary risks of an injury incident to travel in a motor vehicle controlled by a reasonably prudent driver, but does not assume the risk of the danger created by the negligent operation of a motor vehicle over which the passenger has no control.

If you find from a preponderance of the evidence in this case that on or about November 25, 1986, at or about 6 o'clock a.m., C. W. Easterling was operating a vehicle in a northerly direction on and along Route 45 near Mattoon, Illinois, and at such place and time the Plaintiff, Flora Shields, was riding as a front seat passenger or guest in the vehicle, and if you further find upon a preponderance of the evidence, if any, that the weather conditions at the time created an obvious and/or ordinary risk of ice or frost forming on a bridge, but that such ice or frost, if any, was a reasonably ordinary or obvious risk of travel in a motor vehicle considering the location of the parties at the time and the weather conditions then and there existing, and if you further find from a preponderance of the evidence, if any, that the Defendant and driver, C. W. Easterling responded to the road conditions as a reasonably prudent driver would have responded or acted under like or similar circumstance, then your verdict must be for the Defendant, C. W. Easterling.

¶22. The first paragraph of the instruction is taken directly from *Gregory v. Thompson*, 248 Miss. 431, ____, 160 So. 2d 195, 197 (1964) . The plaintiff concedes that this is a correct statement of the

law. Shields bootstraps her argument that the defendant should have been adjudged negligent per se. Therefore, she argues, the trial court erred in granting this instruction as well. We disagree. The jury reasonably found that the accident occurred without any negligence on the part of Easterling and that the weather conditions and the accident which occurred in those conditions were reasonably foreseeable risks that Shields assumed.

## III.

## THE VERDICT IS CONTRARY TO THE LAW AS IT IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE SO AS TO EVINCE BIAS, PASSION AND PREJUDICE TOWARDS THE PLAINTIFF

## IV.

## THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF'S MOTION FOR A NEW TRIAL

¶23. We discuss these two issues simultaneously as the standards of review are identical.

> A new trial may be granted pursuant to Miss. R. Civ. P. 59. A new trial may be granted in a number of circumstances, such as when the verdict is against the overwhelming weight of the evidence, or when the jury has been confused by faulty jury instructions, or when the jury has departed from its oath and its verdict is a result of bias, passion, and prejudice. This Court will reverse a trial judge's denial of a request for new trial only when such denial amounts to a abuse of that judge's discretion. The existence of trial court discretion, as a matter of law and logic, necessarily implies that there are at least two differing actions, neither of which if taken by the trial judge will result in reversal.

*Bobby Kitchens v. Miss. Ins. Guar. Ass'n*, 560 So. 2d 129, 132 (Miss.1989) (citations omitted).

¶24. In the present case, the plaintiff offers no proof of bias, passion or prejudice toward her, save that the jury did not find in her favor. As to the jury's determination that Shields did not prove the defendant was negligent, there was more than sufficient testimony on which to base its verdict. There is nothing in the record to show any abuse of discretion. We hold there is no merit in either of these issues.

¶25. **AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS AND SMITH, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶**26.** The majority acknowledges the need to look at the jury instructions as a whole, but then fails to do so. Because all the instructions read together essentially direct the jury to find for the defendant,

the plaintiff was denied a fair trial. *See **Peoples Bank & Trust Co. v. Cermack***, 658 So. 2d 1352, 1356 (Miss. 1995) (requiring that instructions as whole fairly represent applicable rules of law). Instructions D-3, D-4, D-15 and D-16 all contain the same general theme -- the plaintiff assumed the risk of an unavoidable accident. *See* Appendix. These four separate instructions, in effect, directed the jury to find the accident a result of something other than the defendant's negligence. *See **Allen v. Blanks***, 384 So. 2d 63, 65 (Miss. 1980) (noting that duplicitous instructions are not necessary when party merely seeks emphasis of their theory of case).

¶27. Not only was the defense granted four instructions on this subject, but the plaintiff was denied her requested instruction P-9 which stated that she was not negligent as a matter of law. It was certainly not disputed that an evidentiary basis for this instruction existed as the plaintiff was a passenger in the automobile. The evidence clearly demonstrated she was not negligent as a matter of law. *See **Splain v. Hines***, 609 So. 2d 1234, 1239 (Miss. 1992) (stating that party has right to jury instructions presenting his theory of case as long as supported by credible evidence); ***Rester v. Lott***, 566 So. 2d 1266, 1269 (Miss. 1990) (instructions when read together must fairly represent both parties' versions of accident and contain applicable law including liability). Contrary to the majority's conclusion, the purpose of this instruction would clearly have been to counter the four "unavoidable accident" instructions, especially the one which stated, "a passenger in a vehicle as a permissive guest, assumes the risk of obvious dangers, and assumes all of the ordinary risks of an injury incident to travel in a motor vehicle controlled by a reasonably prudent driver." This particular instruction inferred that the plaintiff was somehow at fault by riding as a passenger in the automobile. Given that the court granted the defense an instruction which allowed the jury to conclude the plaintiff assumed the risk of this accident, it was error to refuse the plaintiff's instruction accurately stating she was not negligent as a matter of law.

¶28. The applicability of the "unavoidable accident" instruction D-3 to the facts of this case was dubious anyway. In ***Johnson v. Foster***, 202 So. 2d 520 (Miss. 1967), this Court permitted the trial court to grant an "unavoidable accident" instruction because the case involved a car accident where everyone in the automobile was killed. This Court determined that the unavoidable accident instruction was warranted because it was the only instruction permitting the jury to find the driver without negligence, as the cause of the accident would never be known. 202 So. 2d at 527; *see also **McCollum v. Randolph***, 220 So. 2d 310 (1969)(concluding that unavoidable accident instruction was properly given where sole remaining witness was driver of automobile who testified bicyclist suddenly fell into pathway of vehicle).

¶29. In the case at hand, there were three passengers with knowledge of the events leading to the accident. Their testimony provided a clear evidentiary basis upon which the jury could have determined if the defendant was negligent under the negligence instruction. Unlike the situation presented in ***Johnson*** and ***McCollum***, the unavoidable accident instruction in this case was not the only instruction which permitted the jury to find for the defendant. As a result, the jury was allowed to conclude the accident was unavoidable without ever having to consider the testimony from these witnesses regarding the actions of the defendant. This case was simply not suitable for an unavoidable accident instruction where there was direct testimony from both sides concerning defendant's operation of the vehicle.

¶30. Furthermore, Instruction D-16 basically excused Easterling from his duty to observe those

dangers which a reasonably prudent person should be aware of while operating an automobile. Kirk testified that Easterling already had notice there was ice on the bridges. The instruction essentially permitted the jury to ignore Kirk's testimony and alleviate Easterling of his duty to keep a proper lookout for ice on the bridges.

¶31. When the court makes a statement continuously enough, loud enough, and long enough, a jury will tend to believe it regardless of its truth. That was exactly the scenario presented by the jury instructions in this case. The jury was instructed so many times that this accident could have been the result of an unavoidable accident, or that the plaintiff assumed the risk of having an accident, they believed it. This error was exacerbated by the doubtful applicability of the unavoidable accident instruction to the facts of this case. Accordingly, I dissent.

## APPENDIX

### Instruction D-3

The Court instructs the Jury that **in the course of human events, and the progress of civilization, unavoidable accidents occur, and it is recognized by law that unavoidable accidents do indeed occur and as a result of which people are injured when there is no negligence**, and in this case, if the Jury believes from a preponderance of evidence that the **accident in question and the resulting injuries, if any, were the result of an unavoidable accident and not of negligence on the part of the Defendant, C. W. Easterling, then it shall be your sworn duty to return your verdict for the Defendant**. (emphasis added)

### Instruction D-4

The Court instructs the Jury that **negligence on the part of the Defendant cannot be presumed merely because an accident occurred**, but the burden rests upon the Plaintiff to establish negligence on the part of the Defendant by a preponderance of the evidence, and unless the Plaintiff has shown by a preponderance of the evidence that there was negligence on the part of the Defendant that proximately caused or contributed to the accident and the injures and damages alleged to have resulted therefrom to the Plaintiff, then **it is your sworn duty to return a verdict for the Defendant, C.W. Easterling.** (emphasis added)

### Instruction D-15

The Court instructs the Jury that if you find from a preponderance of the evidence in this case that on or about November 25, 1986 the Defendant, C.W. Easterling was operating a vehicle northerly on Route 45 near Matoon Illinois in the right-hand or easternmost lane of northbound traffic, and that at the same place and time the Plaintiff, Flora Shields was riding in the front seat as a passenger, and if you further find from a preponderance of the evidence, if any, that **C.W. Easterling was operating the vehicle at a reasonable rate of speed under the conditions than and there existing, that the Defendant had the vehicle under reasonable and proper control prior to entering upon the bridge, and was maintaining a reasonable and proper lookout considering the weather conditions at the time, but did not see, and**

**in the exercise of reasonable care could not have seen ice upon the bridge before the vehicle passed over the ice**, and if you further find from a preponderance of the evidence, **if any**, that in passing over the ice on the bridge the vehicle began to slip and slide and ultimately left the roadway, but that **the Defendant, C.W. Easterling, at all times then and there existing, acted as a reasonable and prudent driver would have acted under the same or similar circumstances, then you must find your verdict for the Defendant, C.W. Easterling, even though the vehicle did leave the roadway, as a result of hitting ice on the bridge** and as a result Plaintiff suffered injuries. (emphasis added)

## Instruction D-16

The Court instructs the Jury that **a passenger in a vehicle as a permissive guest, assumes the risk of obvious dangers, and assumes all of the ordinary risks of an injury incident to travel in a motor vehicle controlled by a reasonably prudent driver**, but does not assume the risk of the danger created by the negligent operation of a motor vehicle over which the passenger has no control.

If you find from a preponderance of the evidence in this case that on or about November 25, 1986, at or about 6 o'clock a.m., C.W. Easterling was operating a vehicle in a northerly direction on and along Route 45 near Matoon, Illinois, and at such place and time the Plaintiff, Flora Shields, was riding as a front seat passenger or guest in the vehicle, and if you further find upon a preponderance of the evidence, if any, that **the weather conditions at the time created an obvious and/or ordinary risk of ice or frost forming on a bridge, but that such ice or frost, if any, was a reasonably ordinary or obvious risk of travel in a motor vehicle considering the location of the parties at the time and the weather conditions then and there existing**, and if you further find from a preponderance of the evidence, if any, that the **Defendant and driver, C.W. Easterling responded to the road conditions as a reasonably prudent driver would have responded or acted under like or similar circumstances, then your verdict must be for the Defendant. C.W. Easterling.** (emphasis added)

1. Testimony for the defendant sets the temperature higher, in the upper thirties or lower forties.

2. On appeal, the lay opinion testimony in this case is not challenged by either party.